STATE OF MINNESOTA

IN SUPREME COURT

A14-1747

Court of Appeals

Gildea, C.J.

Ferdinand Leo Gams, Jr.,

        Respondent/Cross-Appellant,

vs.

Filed: August 31, 2016
Office of Appellate Courts

Steven Ronald Houghton,

        Appellant/Cross-Respondent.

_____

Kay Nord Hunt, Lommen Abdo, P.A., Minneapolis, Minnesota; and

Carver Richards, Honkanen Richards, S.C., Virginia, Minnesota, for respondent/cross-appellant.

Jerome D. Feriancek, Ryan C. Stutzman, Thibodeau, Johnson & Feriancek, PLLP, Duluth, Minnesota, for appellant/cross-respondent.

Charles F. Webber, Faegre Baker Daniels LLP, Minneapolis, Minnesota; and

Daniel J. Cragg, Eckland & Blando LLP, Minneapolis, Minnesota, for amicus curiae Minnesota State Bar Association.

_____

S Y L L A B U S

1.     Minnesota Rule of Civil Procedure 60.02, governing relief from "a final judgment . . . , order, or proceeding," is applicable to a dismissal under Minn. R. Civ. P. 5.04(a).

1

2. Appellant's right to procedural due process was not violated by the involuntary dismissal of his case pursuant to Rule 5.04(a), because he had ample notice of Rule 5.04(a) and its effects and was provided a post-deprivation opportunity to be heard in the form of a Rule 60.02 motion for relief.

3. The district court failed to make findings sufficient to enable appellate review of its Rule 60.02 ruling.

Affirmed as modified.

O P I N I O N

GILDEA, Chief Justice.

In this case, we are asked to decide whether Minn. R. Civ. P. 60.02 applies to a Minn. R. Civ. P. 5.04(a) "deemed" dismissal, and whether such a dismissal violates procedural due process. The district court concluded that Rule 60.02 is inapplicable to a dismissal under Rule 5.04(a) or, alternatively, that respondent Ferdinand Leo Gams, Jr. failed to establish all four requirements for relief under Rule 60.02, *see Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748 (1964). The court of appeals reversed and remanded for reconsideration, rejecting the district court's conclusions that Rule 60.02 was inapplicable and that all four *Finden* prongs[1] must be established in order for relief to be warranted. *Gams v. Houghton*, 869 N.W.2d 60, 61 (Minn. App. 2015). Because we conclude that Rule 60.02 applies to a dismissal under Rule 5.04(a), that a dismissal under Rule 5.04(a) does

---

[1] We have referred to these prongs as both the "*Finden* factors," *e.g.*, *Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 490 (Minn. 1997), and the "*Hinz* factors," *e.g.*, *Langston v. Wilson McShane Corp.*, 776 N.W.2d 684, 686 (Minn. 2009).

not violate procedural due process, and that the district court failed to make findings sufficient to enable appellate review of its Rule 60.02 ruling, we affirm as modified.

On February 4, 2013, we filed an order adopting amendments to Rule 5.04, including Rule 5.04(a), the amendment now at issue.[2] Order Adopting Amendments to the Rules of Civil Procedure and General Rules of Practice Relating to the Civil Justice Reform Task Force, Nos. ADM10-8051, ADM09-8009, ADM04-8001 (Minn. filed Feb. 4, 2013) ("Order Adopting Amendments"). This amendment altered a long-standing Minnesota practice that permitted a party to commence an action simply by service of the summons upon the defendant. Filing the case with the district court was not required. Rule 5.04(a) amended this practice by requiring that all non-family cases be filed with the district court, or a stipulation obtained extending the time for filing, within 1 year from the commencement of the action. Rule 5.04(a) was effective as of July 1, 2013 and applies to "all actions or proceedings pending on or commenced on or after the effective date." *Id.* But for actions pending when the amendment became effective, we provided a 1-year grace period. In other words, parties with pending actions had 1 year to file such actions in district court. Our Order makes this grace period clear: "(a) No action shall be involuntarily dismissed pursuant to Minn. R. Civ. P. 5.04 until one year after the effective date." *Id.*; *see also* Order Relating to the Civil Justice Reform Task Force, Authorizing

---

[2]     Subsequent to the district court's entry of judgment in this case, we designated the amended language at issue here as Minn. R. Civ. P. 5.04(a). Order Promulgating Amendments to the Rules of Civil Procedure, No. ADM04-8001 (Minn. filed Apr. 22, 2015). For clarity, we refer to this provision as Minn. R. Civ. P. 5.04(a) throughout this opinion.

Expedited Civil Litigation Track Pilot Project, and Adopting Amendments to the Rules of Civil Procedure and the General Rules of Practice, Nos. ADM10-8051, ADM09-8009, ADM04-8001 (Minn. filed May 8, 2013) (adopting the final version of the amendments). Information on Rule 5.04(a)'s effective date and its applicability to pending actions is published in the "Historical Notes" section of the Minnesota Rules of Court.

This case was pending when Rule 5.04(a) went into effect. The case arises from a physical altercation that occurred on January 14, 2012, between Gams and appellant Steven Ronald Houghton, who are brothers-in-law. On March 22, 2013, Gams commenced the present action against Houghton by service of a summons and complaint. *See* Minn. R. Civ. P. 3.01(a). In the complaint, Gams raised claims of negligence, assault, and battery.

From April 2013 through February 2014, the parties actively litigated this case, exchanging various discovery requests and responses. In May 2014, Gams and Houghton discussed the possibility of mediation or arbitration of liability, and reached a tentative stipulation on damages in the amount of $85,000. On July 17, 2014, Gams's counsel sent a follow-up letter asking whether Houghton had made any further decisions regarding resolution of the matter. A short time later, Gams's counsel received a letter dated July 15, 2014, stating: "The new Rule 5.04 took effect July 1, 2014. Therefore, the case is deemed to be dismissed with prejudice, and we consider the matter closed." Gams's counsel stated that he was "unaware" of the amendment.

On August 6, 2014, Gams mailed the summons, complaint, and affidavit of service to the district court. The court accepted the filing on August 7. That same day, the court

4

sua sponte ordered the dismissal of the action with prejudice pursuant to Rule 5.04(a). The court administrator entered the judgment of dismissal the following day.

On August 27, 2014, Gams moved to vacate the judgment, contending that Rule 5.04(a) violated his right to procedural due process and, in the alternative, that relief was warranted under Rule 60.02(a) due to "excusable neglect." More specifically, Gams argued that his neglect in failing to comply with Rule 5.04(a) was excusable because he reasonably relied on his attorney, and in addition the parties were actively litigating the case and were rapidly moving toward a possible settlement.

The district court denied Gams's motion to vacate, concluding that "Minn. R. Civ. P. 60.02 does not apply to a Minn. R. Civ. P. 5.04 dismissal." In the alternative, the court, without explaining its reasons, concluded that Gams failed to establish all four requirements for relief, *see Finden*, 268 Minn. at 268, 128 N.W.2d at 748. The court did not address Gams's due process argument.

The court of appeals reversed and remanded. *Gams*, 869 N.W.2d at 61. Specifically, the court of appeals concluded that Rule 60.02 applies to dismissals under Rule 5.04(a), reasoning that "[n]othing in the plain language of either rule precludes a party from seeking relief." *Id.* at 63. Having concluded that Rule 60.02 applies, the court of appeals remanded. *Id.* at 65-66. According to the court of appeals, the district court operated under the erroneous assumption that a party seeking relief under Rule 60.02 must satisfy all four *Finden* requirements and, because the district court failed to make express findings on each of the requirements, further consideration under the appropriate test was necessary. *Id.* at 64-66.

5

We granted Houghton's petition for review to address whether Rule 60.02 is applicable to a dismissal under Rule 5.04(a) and, if so, whether the district court abused its discretion in denying relief. We additionally granted Gams's request for conditional cross-review regarding the constitutionality of Rule 5.04(a).

I.

We turn first to Houghton's assertion that Rule 60.02 is inapplicable to a dismissal under Rule 5.04(a). Minnesota Rule of Civil Procedure 5.04(a), the rule under which Gams's action was dismissed, provides, in relevant part, that "[a]ny action that is *not filed with the court* within one year of commencement against any party is *deemed dismissed with prejudice* against all parties *unless* the parties within that year sign a stipulation to extend the filing period." (Emphasis added.) Because Gams commenced his action on March 22, 2013, prior to the effective date of Rule 5.04(a), Gams had until July 1, 2014 to file his action with the court. Order Adopting Amendments, Order at 1 (providing that cases commenced before the effective date, July 1, 2013, would not be involuntarily dismissed under Rule 5.04 until July 1, 2014). Following Gams's belated filing on August 7, 2014, the district court, by order, sua sponte dismissed the action with prejudice under the rule.

Gams subsequently moved for relief under Minn. R. Civ. P. 60.02(a). Minnesota Rule of Civil Procedure 60.02(a) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from a final judgment (other than a marriage dissolution decree), order, or proceeding" for "[m]istake, inadvertence, surprise, or excusable neglect." The district court denied Gams's motion,

but the court of appeals reversed and remanded for reconsideration, *Gams*, 869 N.W.2d at 66.

Houghton argues on appeal that the plain language of Rule 5.04(a) precludes a district court from granting relief under Rule 60.02. The interpretation of the Minnesota Rules of Civil Procedure is a question of law that we review de novo. *Madson v. Minn. Mining & Mfg. Co.*, 612 N.W.2d 168, 170 (Minn. 2000). When interpreting court rules, we look "first to the plain language." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 601 (Minn. 2014). We interpret the words of a court rule " 'in the sense in which they were understood and intended at the time the rule was promulgated.' " *Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 490 (Minn. 1997) (quoting *House v. Hanson*, 245 Minn. 466, 473, 72 N.W.2d 874, 878 (1955)). If the language of a rule is plain and unambiguous, we follow the rule's plain language. *Walsh*, 851 N.W.2d at 601. A rule is ambiguous only if the language of the rule is subject to more than one reasonable interpretation. *Id.*

The plain language of the rules confirms that Rule 60.02 applies to dismissals under Rule 5.04(a). Rule 60.02 is broad, stating that it applies to "final judgment[s] . . . order[s] [and] proceeding[s]," except for "marriage dissolution decree[s]." That the rule contains only one exception—for marriage dissolution decrees—confirms that the rule otherwise applies. In other words, because Rule 60.02 expressly excludes "marriage dissolution decree[s]," but not dismissals under Rule 5.04(a), Rule 60.02 applies to Rule 5.04(a) dismissals. *See City of Saint Paul v. Eldredge*, 800 N.W.2d 643, 648 (Minn. 2011) (noting that this court has long applied the maxim that when there is an express enumeration of the

7

persons or things to be affected by a particular provision, "there is an implied exclusion of others" (quoting *Maytag Co. v. Comm'r of Taxation*, 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944))).

Gams sought relief from an "order" that the district court entered on August 8, 2014. In particular, following Gams's untimely filing of the action, the district court sua sponte ordered dismissal of the action with prejudice and, the next day, the court administrator entered a judgment of dismissal pursuant to the court's order.[3] *See, e.g.*, *The American Heritage Dictionary* 1272 (3d ed. 1996) (defining "orders," in the legal sense, as "[a] direction or command delivered by a court or other adjudicative body and entered into the record but not necessarily included in the final judgment or verdict"). Because Gams sought relief from an "order," his motion fell within the plain terms of Rule 60.02.

Houghton contends, however, that the plain language of Rule 5.04(a) supports the conclusion that Rule 60.02 is inapplicable to dismissals under Rule 5.04(a). Specifically, he argues that the use of the word "deemed" was intended by our court to dismiss the late-filed action "by operation of law," foreclosing the need—and possibility—for the district court to take any action that is amenable to Rule 60.02 relief. Put another way, Houghton

---

[3] This is an appropriate and optimal procedure for district courts to follow when a case is filed beyond the expiration of the Rule 5.04(a) deadline, and the plaintiff has failed to provide the necessary stipulation. This procedure, however, is not the only acceptable procedure under Rule 5.04(a). *See Cole v. Wutzke*, No. A15-0060, slip op. at 9 (Minn. filed Aug. 31, 2016).

8

contends that a "deemed" dismissal is not and cannot be a "final judgment, order, or proceeding" from which relief can be granted under Rule 60.02.

We agree that the defendant does not need to take any action for Rule 5.04(a) to operate and that a case is automatically "deemed"[4] dismissed with prejudice upon failure to file, or obtain a stipulation, within the 1-year deadline in the rule. We do not agree, however, that Rule 5.04(a) thereafter precludes the district court from taking action, such as the action that occurred here, in the event a party files a case with the court after the deadline has expired. In this case, the district court entered an order dismissing the action, which as noted above, falls within the scope of Rule 60.02. But even in the absence of an order, a dismissal by operation of law under Rule 5.04(a) would still be a "proceeding" and so would fall within the coverage of Rule 60.02. *See State v. Hohenwald*, 815 N.W.2d 823, 830 (Minn. 2012) ("The word 'proceedings' generally refers to 'the course of procedure in a judicial action or in a suit in litigation' . . . ."). In short, although judicial action is not needed for the dismissal in Rule 5.04(a) to occur, the rule does not foreclose judicial action

---

[4]     In other words, the case is considered, adjudged, or treated as if dismissed with prejudice. *See First Nat'l Bank of Mankato v. Wilson*, 234 Minn. 160, 164, 47 N.W.2d 764, 767 (1951) (adopting the definition of "deemed" as "[t]o hold; consider; adjudge; condemn; determine; treat as if; construe" (quoting *Deem*, *Black's Law Dictionary* (3d ed. 1933))); *see also The American Heritage Dictionary* 487 (3d ed. 1996) (defining "deem" as "1. To have as an opinion; judge . . . 2. To regard as; consider"); *Deem*, *Black's Law Dictionary* (8th ed. 2004) (defining "deem" as "1. To treat (something as if (1) it were really something else, or (2) it had qualities that it does not have . . . 2. To consider, think, or judge"); *Merriam Webster's Collegiate Dictionary* 300 (10th ed. 2001) (defining "deem," in relevant part, as "to come to think or judge: consider").

9

following a belated filing and the absence of judicial action does not make Rule 60.02 inapplicable.[5]

Based on the plain language of the rules, we hold that Rule 60.02 is applicable to a Rule 5.04(a) "deemed" dismissal,[6] and that the court of appeals properly concluded that Rule 60.02 applied under the facts of this case.

## II.

We turn next to Gams's contention, raised in his petition for cross-review, that Rule 5.04(a) violates his right to procedural due process. Whether procedural due process has been violated is a question of law that we review de novo. *Rew v. Bergstrom*, 845 N.W.2d 764, 785 (Minn. 2014).

Both the United States and the Minnesota Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7. The foundational principle of the right to due process "is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." *Link v. Wabash*

---

[5]    Houghton cites *State v. Franklin*, 847 N.W.2d 63 (Minn. App. 2014), *aff'd*, 861 N.W.2d 67 (Minn. 2015), to support his assertion that Rule 5.04(a) dismisses the case solely by its operation, leaving no room for judicial action. But *Franklin* involved felony convictions later "deemed" misdemeanors by operation of *statute* when certain conditions were satisfied. *Franklin* is inapposite because it does not address court procedure, which is a quintessential judicial function.

[6]    The Minnesota Supreme Court Civil Justice Reform Task Force, which detailed the intent behind Rule 5.04(a), also contemplated the applicability of Rule 60.02 in its report to this court. *Final Report and Recommendations of the Minnesota Supreme Court Civil Justice Reform Task Force*, No. ADM10-8051, at 23 n.9 (Dec. 23, 2011).

*R.R. Co.*, 370 U.S. 626, 632 (1962).  This right, however, does not guarantee "that every order entered without notice and a preliminary adversary hearing offends due process."  *Id.*

We traditionally conduct a two-step analysis to determine whether the government has violated an individual's procedural due process rights.  *Rew*, 845 N.W.2d at 785.  We first consider whether the government has deprived an individual of life, liberty, or property.  *Id.*  If no such interest is at stake, then no process is required.  *Id.*  If such an interest is at stake, we then assess whether the process afforded by the government was constitutionally sufficient.  *Id.*

As for the first step in the analysis, there is no question that Gams had a well-established property interest in his cause of action.  *E.g.*, *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).  Turning to the second step, we conclude that Gams received notice and process sufficient to satisfy constitutional requirements.  He received constitutionally sufficient notice of the potential for dismissal under Rule 5.04(a), well in advance of any consequences.  This case, therefore, is similar to *Texaco, Inc. v. Short*, 454 U.S. 516 (1982).  In that case, the Supreme Court considered whether the legislation at issue—which, by operation of law, automatically reverted mineral rights back to the surface-rights owners in the event the mineral owner failed to file a timely claim—comported with the notice requirements of due process.  *Id.* at 531.  The plaintiffs argued that the Indiana Legislature failed to provide them adequate notice of the new law because they had not been specifically notified of the change.  *Id.* at 519, 531.  The Court disagreed, explaining that "a legislature need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to

11

comply." *Id.* at 532. According to the Court, the 2-year grace period provided by the Indiana Legislature "foreclose[d] any argument" regarding the adequacy of the opportunity to learn of the statute. *Id.*

Here, we provided a 1-year grace period for the bench and bar to learn of Rule 5.04(a). Order Adopting Amendments, Order at 1. And during this 1-year period, not only was Rule 5.04(a) included in the print copy of our Minnesota Rules of Court, but many secondary, supplemental materials on the rule change were available. *See, e.g.*, *The 2013 Civil Litigator's Annual Short Course*, MSBA CLE (Feb. 2013); Hon. Louise Dovre Bjorkman & David F. Herr, *Reducing Cost & Delay: Minnesota Courts Revise Civil Case Handling*, Bench & Bar (June 5, 2013). For these reasons, we conclude that Gams had an adequate opportunity to learn of Rule 5.04(a) and, accordingly, is charged with notice and knowledge of the rule, its requirements, and the consequences for failing to comply with it. *See Atkins v. Parker*, 472 U.S. 115, 130 (1985) (noting the presumption that "[a]ll citizens are . . . charged with knowledge of the law" may "[a]rguably" be "overcome in cases in which the statute does not allow a sufficient 'grace period' to provide the persons affected by a change in the law with an adequate opportunity to become familiar with their obligations under it," but concluding that a 90-day grace period was sufficient).

Not only was Gams on notice of the consequences for failing to file his complaint, but he also received post-deprivation process under Rule 60.02. That process is constitutionally sufficient here. *See generally Rew*, 845 N.W.2d at 786 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)) (setting out the balancing test used to assess a procedural due process claim). The Rule 5.04(a) dismissal unquestionably affected Gams's

interest in a remedy against Houghton. But any risk of an "erroneous deprivation" of that interest can be assessed in the Rule 60.02 proceeding, when the district court can determine, for example, whether the dismissal resulted from a "[m]istake," Minn. R. Civ. P. 60.02. *See Link*, 370 U.S. at 632 (reasoning that the availability of a "corrective remedy" in the form of Fed. R. Civ. P. 60(b), the federal counterpart to Rule 60.02, was significant in assessing whether adequate process was provided). Accordingly, a Rule 60.02 proceeding provides constitutionally sufficient process.

In sum, because Gams had notice of the consequences of his failure to adhere to Rule 5.04(a)'s filing requirement and an opportunity to seek relief from the Rule 5.04(a) dismissal under Rule 60.02, we hold that Gams's due process argument fails.[7]

## III.

We turn finally to Houghton's contention that we should reverse the court of appeals decision to remand and instead conclude, as a matter of law, that the district court did not abuse its discretion by denying relief under Rule 60.02. Specifically, Houghton contends that the district court properly concluded that Gams failed to establish "excusable neglect" under Rule 60.02(a), because Gams did not and cannot establish all four *Finden* requirements.

We agree with Houghton that the district court must consider, and expressly find that a party satisfied, "[a]ll four of the *Finden* factors . . . in order to" grant relief under

---

[7]     To the extent Gams argues that "there can be no existential dismissals and no sua sponte dismissals" under Rule 5.04(a) without prior notice and an opportunity to be heard, we need not reach that argument because in this case Gams received a post-dismissal process that was sufficient to meet the requirements of due process.

13

Rule 60.02(a). *Nguyen*, 558 N.W.2d at 490; *see also In re Welfare of Children of Coats*, 633 N.W.2d 505, 510 (Minn. 2001) (same); *Pedersen v. Daly*, 307 Minn. 163, 165, 238 N.W.2d 620, 622 (1976) (declaring that the movant is "obliged to affirmatively establish all of the [*Finden* requirements]"). These four requirements are: (1) a "debatably meritorious claim"; (2) a " 'reasonable excuse' " for the movant's failure or neglect to act; (3) the movant " 'acted with due diligence' " after learning of the error or omission; and (4) " 'no substantial prejudice will result to the other party' " if relief is granted. *Charson v. Temple Israel*, 419 N.W.2d 488, 491-92 (Minn. 1988) (quoting *Finden*, 268 Minn. at 271, 128 N.W.2d at 750). The court of appeals' holding that "a party seeking relief from a judgment need not categorically establish all four of the rule–60.02 factors," *Gams*, 869 N.W.2d at 64, is not consistent with our precedent.

Notwithstanding this error, we nevertheless agree with the court of appeals' determination that the district court fell short in its analysis. The decision whether to grant Rule 60.02 relief is based on all the surrounding facts of each specific case, and is committed to the sound discretion of the district court. *E.g.*, *Roehrdanz v. Brill*, 682 N.W.2d 626, 632 (Minn. 2004) (affirming the district court's denial of relief because the district court "made findings of fact based upon conflicting evidence [as to whether there was a reasonable excuse] and applied the correct *Finden* analysis to those findings"); *Standard Oil Co. v. King*, 238 Minn. 81, 83, 55 N.W.2d 710, 712 (1952) (explaining that it is for the district court to determine if the movant's excuse was true and reasonable under the circumstances). As such, a district court "will not be reversed on appeal except for a clear abuse of discretion." *King*, 238 Minn. at 82, 55 N.W.2d at 712; *see also Nelson v.*

14

*Siebert*, 428 N.W.2d 394, 395 (Minn. 1988) (explaining that "appellate inquiry is limited" to abuse of discretion review). This is so because the district court is in the best position to "evaluate the reasonableness of the excuse, the prejudice to the other party, and whether the party has a reasonable" claim or defense. *In re J.R., Jr.*, 655 N.W.2d 1, 4 n.3 (Minn. 2003); *see also Flaherty v. Allstate Ins. Co.*, 822 A.2d 1159, 1163 (Me. 2003) ("We give a trial court's determination of excusable neglect 'considerable deference because of its superior position to evaluate the credibility and good faith of the parties before it.'" (citation omitted)). Accordingly, we have stated that a district court's discretion is "particularly broad" when its decision is based upon an evaluation of conflicting affidavits or other evidence. *Roehrdanz*, 682 N.W.2d at 631-32; *see also King*, 238 Minn. at 82, 55 N.W.2d at 712 (same). For these same reasons, we have expressed "serious doubts" as to the utility of undertaking a Rule 60.02 analysis at the appellate level. *In re J.R., Jr.*, 655 N.W.2d at 4 n.3.

A district court's discretion under Rule 60.02, however, is not without limit. A district court abuses its discretion when it acts under a "misapprehension of the law," *Sommers v. Thomas*, 251 Minn. 461, 469, 88 N.W.2d 191, 197 (1958), or when its factual findings are "clearly erroneous," *Roehrdanz*, 682 N.W.2d at 631. Moreover, we have held that a district court abuses its discretion when a movant has met the burden of "clearly demonstrating the existence of the four elements of the *Finden* analysis," and the court nevertheless denies relief. *Charson*, 419 N.W.2d at 492. In short, although the district court has broad discretion in assessing whether the four *Finden* requirements have been met under the particular facts and evidence presented, it does not have unfettered discretion

15

to deny relief when the movant has met his burden of establishing all four *Finden* requirements.

With this in mind, we turn to the district court's analysis here. In this case, the district court merely concluded that "even if Minn. R. Civ. P. 60.02 did apply in the instant case, Plaintiff did not prove all four [*Finden*] elements." The district court did not provide any further reasoning or make any findings of fact. We have said that effective appellate review under an abuse-of-discretion standard is only possible when the district court has issued sufficiently detailed findings of fact or conclusions of law to demonstrate that it has considered all of the relevant factors. *See, e.g.*, *State ex rel. Swanson v. 3M Co.*, 845 N.W.2d 808, 816 (Minn. 2014); *Stich v. Stich*, 435 N.W.2d 52, 53 (Minn. 1989). The district court's conclusory statement is not sufficient to determine whether the court properly considered and applied the *Finden* test. Accordingly, we remand for additional findings in light of this opinion. *State ex rel. Swanson*, 845 N.W.2d at 821; *Stich*, 435 N.W.2d at 53.

Affirmed as modified.