*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0541**

State of Minnesota,
Respondent,

vs.

T. K. S.,
Appellant

**Filed December 12, 2016
Reversed and remanded
Worke, Judge**

Anoka County District Court
File No. 02-CR-14-4452

Lori Swanson, Attorney General, St. Paul, Minnesota; and

David J. Brodie, Coon Rapids City Attorney, Coon Rapids, Minnesota (for respondent)

Peter J. Nickitas, Minneapolis, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Stauber, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant challenges the district court's amendment of an expungement order under Minn. R. Civ. P. 60.02. Because the record does not show that the district court considered the *Finden* factors, we reverse and remand.

## FACTS

In July 2015, appellant T.K.S. petitioned the district court to expunge records related to charges that had previously been dismissed by the Coon Rapids City Attorney's Office. The district court held a hearing on the petition, and the state did not object to the expungement request. T.K.S.'s attorney offered to draft a proposed order granting the expungement.

T.K.S.'s attorney e-mailed the proposed order to the district court and the assistant city attorney. The assistant city attorney acknowledged receipt of the proposed order.

On October 7, 2015, the district court signed an order granting T.K.S.'s petition that contained the language T.K.S. had included in his proposed order. The order stated, in part, "The court concludes the following: The prosecution lacked probable cause *ab initio.* The state lacked predicate facts to seek, and the court lacked predicate facts, to imposed [sic] the no-contact order (NCO)." In addition, the order stated, "This order, which finds a nexus between the criminal record and the Petitioner's status as a crime victim, restores the Petitioner to the status occupied before the arrest."

On January 27, 2016, the state moved the district court to amend its expungement order. The motion sought relief under Minn. R. Civ. P. 60.02 and asked the district court to delete the language regarding probable cause and predicate facts to impose the no-contact order. The motion included an affidavit from the assistant city attorney who handled the matter. The attorney said that he did not realize the disputed language was in the order until December 30, 2015, and that he would have objected had he discovered the language in T.K.S.'s proposed order before it was signed by the district court. The

motion also asked the district court to clarify the language that identified T.K.S. as "a crime victim."

After a hearing, the district court granted the state's motion. The district court issued a modified expungement order that deleted the language related to probable cause and predicate facts for the no-contact order. The district court also deleted the words "which finds a nexus between the criminal record and the Petitioner's status as a crime victim." This appeal follows.

## DECISION

The state argues that the disputed language in the original expungement order was the result of "mistake or excusable neglect" and was properly corrected by the district court under rule 60.02. T.K.S. argues that the district court abused its discretion by failing to consider required factors before granting the state's motion.

The district court granted T.K.S.'s expungement petition under Minn. Stat. §§ 609A.01-.04 (2014). Under that chapter, an expungement order is stayed automatically for 60 days after the order is filed, and if an appeal is filed, it is also stayed during the appeal period. Minn. Stat. § 609A.03, subd. 9. An agency or jurisdiction whose records are affected by the expungement order has 60 days after service of the notice of filing to appeal the order. *Id.* Here, the notice of filing for the October 7, 2015 expungement order was filed on October 9, 2015. At the hearing on its motion to modify the order, the state conceded that it received notice of the order on October 7, 2015, or soon thereafter. But the state did not appeal the order and did not file its rule 60.02 motion until January 27, 2016, 112 days after October 7, 2015.

3

Generally, even if the district court's order is erroneous, "if it is an appealable order it is still final after the time for appeal has expired." *Dieseth v. Calder Mfg. Co.*, 275 Minn. 365, 370, 147 N.W.2d 100, 103 (1966). Rule 60.02, however, provides "exceptions to the finality of judgments under narrowly defined circumstances." *Carter v. Anderson*, 554 N.W.2d 110, 113 (Minn. App. 1996), *review denied* (Minn. Dec. 23, 1996). The rule provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from a final judgment (other than a marriage dissolution decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons:
> (a) Mistake, inadvertence, surprise, or excusable neglect[.]

Minn. R. Civ. P. 60.02.

To grant relief under rule 60.02, the district court must consider and expressly find that the moving party has established all four of the factors identified in *Finden v. Klaas*: (1) that the moving party has a debatably meritorious claim; (2) that the moving party has a reasonable excuse for its failure or neglect to act; (3) that the moving party acted with due diligence after discovering the error or omission; and (4) that the other party will not suffer substantial prejudice if the requested relief is granted. 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964); *see also Gams v. Houghton*, 884 N.W.2d 611, 619-20 (Minn. 2016). The decision to grant a rule 60.02 motion is committed to the sound discretion of the district court and will not be reversed absent a clear abuse of that discretion. *Gams*, 884 N.W.2d at 620.

Here, the district court did not make explicit findings on any of the *Finden* factors. At the hearing on the state's motion, the district court simply stated that the disputed language was not mentioned at the expungement hearing, that it was not aware of the disputed language when it signed the order, that it was under the impression that the state had agreed to the language in the order, and that it did not have the necessary facts to make findings on probable cause and predicate facts for the no-contact order.

In two recent decisions, the Minnesota Supreme Court held that the district court abused its discretion by denying relief under rule 60.02 without making findings on all four *Finden* factors. *Id.* at 621; *Cole v. Wutzke*, 884 N.W.2d 634, 639 (Minn. 2016). The supreme court stated that "effective appellate review under an abuse-of-discretion standard is only possible when the district court has issued sufficiently detailed findings of fact or conclusions of law to demonstrate that it has considered all of the relevant factors." *Gams*, 884 N.W.2d at 621. The district court is in the best position to assess the *Finden* factors and for this reason the supreme court has "expressed serious doubts as to the utility of undertaking a Rule 60.02 analysis at the appellate level." *Id.* at 620 (quotation omitted). In both cases, the supreme court remanded to the district court for reconsideration and additional findings. *Id.* at 621; *Cole*, 884 N.W.2d at 639.

The record in this case precludes effective appellate review. The district court's limited findings do not allow us to determine whether it considered the necessary factors. We reverse and remand to allow the district court to address the *Finden* factors.

The state argues that, regardless of rule 60.02 or the *Finden* factors, the district court has inherent authority to modify its own expungement orders. The state cites to the

5

inherent authority that allows district courts to grant expungements and to reconsider omnibus rulings prior to trial. *See State v. S.L.H.*, 755 N.W.2d 271, 274 (Minn. 2008) (expungements); *State v. Papadakis*, 643 N.W.2d 349, 356-57 (Minn. App. 2002) (omnibus rulings). But the state did not raise these arguments before the district court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (stating that an appellate court will not consider matters not argued to and considered by the district court). Moreover, the state has not cited, and we are not aware of, any authority holding that the district court has unfettered ability to amend an expungement order after the time to appeal that order has expired. As stated above, absent application of rule 60.02, when the time to appeal an appealable order expires, the order is final. *Dieseth*, 275 Minn. at 370, 147 N.W.2d at 103.

**Reversed and remanded.**