*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1069**

Les Grumdahl Window & Siding LLC, A Minnesota Limited Liability Company,
Respondent,

vs.

Holly Brown,
Appellant,

Mortgage Electronic Registration Systems, Inc.,
Defendant.

**Filed May 6, 2024
Affirmed
Slieter, Judge**

St. Louis County District Court
File No. 69DU-CV-22-211

Matthew H. Hanka, Thomas R. Witt, Fryberger Law Firm, Duluth, Minnesota (for respondent)

William D. Paul, William D. Paul Law Office, Duluth, Minnesota (for appellant)

Considered and decided by Schmidt, Presiding Judge; Slieter, Judge; and Klaphake, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**SLIETER**, Judge

Following a court trial in this breach-of-contract and mechanic's-lien-foreclosure action, appellant argues that the district court (1) erred in concluding that respondent-contractor complied with statutory prelien-notice requirements and (2) abused its discretion in denying appellant's posttrial motions. Because the prelien notice was part of the parties' written contract, and because the district court acted within its discretion in denying Brown's posttrial motions, we affirm.

## FACTS

Appellant Holly Brown retained respondent Les Grumdahl Window & Siding LLC, to remodel the exterior of her Duluth home. Disputes arose during performance of the work. Grumdahl ultimately filed a mechanic's lien against the property and commenced this action for breach of contract and to enforce the mechanic's lien. The following facts derive from the February 2023 court trial.

The parties' written contract consists of several documents. The first document is a proposal which provided that Grumdahl would install siding and 13 windows. The second document is a prelien notice. The third, fourth, and fifth documents include agreements for additional work and a notice regarding paint and stain. According to the parties' agreement, Brown was to provide one-third of the total project cost as a down payment, another third was due when work started, and the balance was due upon completion.

Brown made the down payment when accepting the proposal in June 2020. The parties agreed that Grumdahl would begin work the following year. In July 2021, Grumdahl sought the second payment, having begun work in June 2021. Brown gave Grumdahl a check but later canceled payment on the check. As a result, Grumdahl stopped work on the project.

In August 2021, the lien statement was publicly recorded against Brown's property. In January 2022, Grumdahl served Brown with a summons and complaint, which was filed in district court the following month. In April 2022, the district court issued a scheduling order directing discovery to be completed by November 1, 2022. Brown retained counsel in mid-November 2022, after discovery had closed. On February 6, 2023—the day before trial—Brown filed an answer and counterclaim. The district court stated that the "filing was far too late" and rejected it. The district court also rejected "about 400 pages of documents" provided by Brown on the same day, noting discovery was due about three months prior. However, the district court allowed Brown's attorney to cross-examine Grumdahl's witnesses and allowed Brown to testify.

After the court trial on February 7, 2023, and following posttrial briefing, the district court issued an order granting judgment in Grumdahl's favor for breach-of-contract damages and mechanic's-lien foreclosure. After the decision, Brown retained new counsel and filed two motions relevant to this appeal. In her posttrial motions, Brown sought to vacate judgment pursuant to Minn. R. Civ. P. 60.02 and, in the alternative, she sought a new trial pursuant to Minn. R. Civ. P. 59.01. The district court denied each.

Brown appeals.

**DECISION**

**I.** **Because the district court's finding that the prelien notice was included in the parties' written contract is not clearly erroneous, it appropriately determined that Grumdahl complied with the statutory prelien-notice requirements.**

Every person who contracts with an owner for the improvement of real property may have a mechanic's lien upon the property they have been contracted to improve. Minn. Stat. § 514.01 (2022). However, "any written contract with the owner" must include prelien notice, and the contractor must "provide the owner with a copy of the written contract" containing the notice. Minn. Stat. § 514.011, subd. 1 (2022). If there is no written contract, prelien notice "must be prepared separately and delivered personally or by certified mail to the owner or the owner's authorized agent within ten days after the work of improvement is agreed upon." *Id.*

Brown states that, because it was provided in a separate document from the proposal, Grumdahl's prelien notice was not included in the parties' written contract. She argues that Grumdahl was, therefore, required to provide prelien notice by personal service or certified mail, which it failed to do.

The existence and terms of a contract are questions of fact reviewed for clear error. *Morrisette v. Harrison Int'l Corp.*, 486 N.W.2d 424, 427 (Minn. 1992) (stating that "the existence and terms of a contract are questions for the fact finder"). A district court's factual findings will be reversed only if we are left with the definite and firm conviction that a mistake has been made. *Gjovik v. Strope*, 401 N.W.2d 664, 667 (Minn. 1987).

The district court found that the parties' contract was comprised of a series of documents "entered into during the months of June to November 2020," and it observed

4

that the prelien notice "is dated June 26, 2020, clearly within the time of contract formation." The district court concluded that the prelien notice was part of the written contract, which was provided to Brown, and that Grumdahl satisfied the statutory requirements to proceed with foreclosure of the mechanic's lien.

As an initial matter, Brown summarily states that the district court erred in determining that Grumdahl satisfied the statutory requirements to pursue a mechanic's-lien claim. Brown does not, however, identify clear error in the district court's finding that the parties' contract was comprised of a series of documents, including the prelien notice. *Waters v. Fiebelkorn*, 13 N.W.2d 461, 464-65 (Minn. 1944) ("[O]n appeal error is never presumed. It must be made to appear affirmatively before there can be reversal . . . [and] the burden of showing error rests upon the one who relies upon it."); *see also Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 237 N.W.2d 76, 78 (Minn. 1975) (quoting *Waters*). We nevertheless consider whether the district court's finding was clearly erroneous.

Between June and November 2020, the parties executed five documents outlining the scope of the project. The initial proposal, which outlines payment terms, an addendum adding more work, the prelien notice, and a paint notice are among the documents that were executed during this timeframe. All the documents pertain to exterior work Grumdahl was to perform on Brown's home. *See Marso v. Mankato Clinic, Ltd.*, 153 N.W.2d 281, 289 (Minn. 1967) ("Where several instruments are made part of one transaction, they will be read together and each will be construed with reference to the others . . . ."). These documents also bear the same contract number, suggesting that the instruments were made as part of the same transaction and for the same purpose. Moreover, the district court found

credible Grumdahl's testimony that these documents, including the prelien notice, were part of the parties' contract. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) (noting appellate courts defer to district court credibility determinations). The district court, therefore, did not clearly err in finding that the parties' contract consisted of a series of documents. Because the district court's finding that the prelien notice was included in the parties' written contract is not clearly erroneous, and because the mechanic's-lien statute does not require separate prelien notice when it is included in the written contract, the district court did not err in concluding that Grumdahl complied with the statutory requirements.

## II.     The district court acted within its discretion by denying Brown's posttrial motions.

Brown contends that the district court abused its discretion by denying her motion to vacate judgment pursuant to Minn. R. Civ. P. 60.02 or, alternatively, for a new trial pursuant to Minn. R. Civ. P. 59.01.

We review the district court's decision on these posttrial motions for an abuse of discretion. *Howard v. Frondell*, 387 N.W.2d 205, 207-08 (Minn. App. 1986), *rev. denied* (Minn. July 31, 1986); *Christie v. Est. of Christie*, 911 N.W.2d 833, 838 (Minn. 2018) (citing *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 892 (Minn. 2010)).

Brown, represented by new counsel, moved the district court to vacate the March 2023 judgment pursuant to Minn. R. Civ. P. 60.02(a) based on excusable neglect.

Pursuant to Minn. R. Civ. P. 60.02(a), a district court may vacate a final judgment for "[m]istake, inadvertence, surprise, or excusable neglect" if the moving party shows that

6

(1) they have a reasonable defense on the merits, (2) they have a reasonable excuse for the neglect, (3) they have acted with due diligence after the district court made its ruling, and (4) no substantial prejudice will result to the other party if relief is granted. *Hinz v. Northland Milk & Ice Cream Co.*, 53 N.W.2d 454, 456 (Minn. 1952). Although all four factors must be satisfied, *Gams v. Houghton*, 884 N.W.2d 611, 619-20 (Minn. 2016), "[a] strong showing on the other factors may offset a relative weakness on one factor[,]" *Imperial Premium Fin., Inc. v. GK Cab Co.*, 603 N.W.2d 853, 857 (Minn. App. 2000).

We question the applicability of the line of cases Brown cites in support of her rule 60.02 claim. The cases in which she relies on all involve default judgments, whereas, here, there was a trial on the merits. However, the district court and the parties considered the issue based upon this caselaw and, therefore, we do as well.

We begin and end our analysis by considering the second factor, which contemplates whether Brown has a reasonable excuse for the neglect. *Gams*, 884 N.W.2d at 619-20. Brown blames the neglect on trial counsel's "egregious negligence," claiming that counsel failed to prepare her case for trial despite having three months to do so. Her claim, therefore, seems one of unreasonable mistake of counsel, rather than a reasonable excuse for neglect as required by the rule. Minn. R. Civ. P. 60.02(a). Still, we consider Brown's claim that counsel caused the neglect.

The district court noted, which the record supports, that Brown failed to provide counsel with relevant information about her case. In determining that Brown failed to advance a reasonable excuse for the neglect, the district court reiterated that it had "serious credibility concerns with regard to Ms. Brown's recounting of events and this hurts her on

7

the second *Finden* factor." We note that Brown did not retain counsel until after the discovery period ended in November 2022. Additionally, the record suggests that Brown failed to provide counsel with relevant information regarding her defense. Brown's failure to timely obtain counsel and to provide counsel with pertinent information is not a reasonable excuse for the neglect contemplated by rule 60.02. *See Thayer v. Am. Fin. Advisers, Inc.*, 322 N.W.2d 599, 602 (Minn. 1982) (noting that neglect of the party itself is inexcusable and will not provide grounds to vacate a default judgment). The district court considered the record and Brown's credibility in making its determination and, therefore, acted within its discretion by denying Brown's motion to vacate judgment. Because Brown cannot satisfy the second *Finden* factor, we need not address the other factors. *Gams*, 884 N.W.2d at 619-20.

Brown also contends that counsel's neglect deprived her of a fair trial, which entitles her to a new trial pursuant to Minn. R. Civ. P. 59.01. However, because we conclude that it was Brown's inexcusable neglect, Brown cannot claim to have been deprived of a fair trial pursuant to rule 59.01. Because Brown has not identified other grounds for a new trial, the district court acted within its discretion in denying Brown's rule 59.01 motion.

**Affirmed.**