# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A25-1808

Texa Tonka Shopping Center, LLC,
Respondent,

vs.

JK 4 AL LLC LLC,
Respondent,

Katherine Prantner,
Respondent,

and

John O Donnell,
Respondent,

Donn J. Vetter, et al.,
Appellants.

**Filed June 22, 2026**
**Affirmed**
**Smith, Tracy M., Judge**

Hennepin County District Court
File No. 27-CV-23-11326

Matthew S. Greenstein, Matthew D. Swanson, Joseph A. Pull, Greenstein Sellers PLLC, Minneapolis, Minnesota (for respondent Texa Tonka Shopping Center, LLC)

JK 4 AL LLC LLC, Chaska, Minnesota (respondent)

Katherine Prantner, Chaska, Minnesota (self-represented respondent)

John O'Donnell, Chaska, Minnesota (self-represented respondent)

Brian W. Varland, Heley, Duncan & Melander, PLLP, Minneapolis, Minnesota (for appellants)

Considered and decided by Wheelock, Presiding Judge; Frisch, Chief Judge; and Smith, Tracy M., Judge.

## SYLLABUS

Under Minnesota Rule of Civil Procedure 24, a district court may reject intervention in an action even though no party timely objected to a notice of intervention.

## OPINION

**SMITH, TRACY M.**, Judge

Appellants Donn J. Vetter, Lois A. Vetter, and West Bank seek reversal of the district court's order denying them intervention in a breach-of-contract action. Appellants sought to intervene to challenge the judgment that had resulted from that action because the judgment is the basis for a lien on real property that the Vetters purchased and West Bank financed.

Appellants argue that the district court erred by rejecting intervention because their intervention was deemed accomplished under Minnesota Rule of Civil Procedure 24.03 when no party objected within 30 days of their service of a notice of intervention. In the alternative, appellants contend that the district court erred by denying intervention as a matter of right under Minnesota Rule of Civil Procedure 24.01 or permissive intervention under Minnesota Rule of Civil Procedure 24.02.

We conclude that the district court was not precluded by rule 24.03 from considering the merits of appellants' intervention and did not err or abuse its discretion by determining

2

that intervention was not warranted either under rule 24.01 or rule 24.02. We therefore affirm.

## FACTS

The underlying case in which appellants sought to intervene commenced in July 2023. Respondent Texa Tonka Shopping Center, LLC, brought suit against respondent JK 4 AL LLC LLC (JK 4) for breach of a commercial lease and against respondents Katherine Prantner and John O'Donnell, the owners of JK 4, for breach of their guarantee of JK 4's obligations under the lease.[1] O'Donnell and Prantner were married at the time and had a home in Chaska. Texa Tonka served the summons and complaint on O'Donnell at the Chaska home, and O'Donnell also accepted service on behalf of Prantner at the home.

Texa Tonka filed a motion for default judgment in September 2023 after JK 4, Prantner, and O'Donnell failed to answer the complaint. The district court granted Texa Tonka's motion on October 25, 2023, entered a judgment of $480,369.75 for Texa Tonka, and found all defendants jointly and severally liable for that amount.[2]

On November 16, 2023, with financing from West Bank, the Vetters purchased a parcel of real property in Le Sueur County from Prantner. The property was conveyed via warranty deed. On November 17, 2023, the judgment against Prantner was docketed in Le Sueur County District Court and by operation of law became a lien against the Le Sueur

---

[1] JK 4, Prantner, and O'Donnell did not file briefs in this appeal.

[2] An amended order correcting a clerical error was entered on November 2, 2023, and docketed in Hennepin County on November 3, 2023.

County property. *See* Minn. Stat. § 548.09 (2024) (stating that a judgment becomes a lien upon docketing). The Vetters recorded the warranty deed on November 27, 2023.

In February 2024, Prantner filed a motion to vacate the judgment against her pursuant to Minnesota Rule of Civil Procedure 60.02(d). She argued that the judgment was void for lack of personal jurisdiction because she was not effectively served with the summons and complaint. Prantner averred that, at the time that O'Donnell accepted service on her behalf at the Chaska house, the couple was in the process of dissolving their marriage and she had moved out of the house. She argued that, because the Chaska house was not her usual place of abode, service was ineffective.

At an October 2024 hearing on the motion to vacate, Prantner and Texa Tonka informed the district court that they had reached a settlement. They filed a stipulation setting forth their agreement in December 2024. Under the settlement, Texa Tonka agreed to deem the original $480,369.75 money judgment against Prantner as partially satisfied or reduced, with a remaining principal of $200,000. Texa Tonka also agreed to take no collection action against Prantner before December 2025, with the caveat that Texa Tonka was not restricted from taking action to collect against the Le Sueur County property, even if that included naming Prantner as a party. In return, Prantner agreed to withdraw her motion to vacate. The district court entered an order in March 2025 approving the agreement and reducing Plantner's obligation under the judgment accordingly.

In the meantime, on February 25, 2025, after learning that Prantner was no longer seeking to vacate the judgment, appellants filed and served a notice of intervention, a notice of motion and motion for intervention, and a memorandum of law in support of their motion

4

for intervention, arguing that they had a right to intervene under rule 24.01, or, in the alternative, should be permitted to intervene under rule 24.02. The notice of motion stated that a hearing date would be determined. Appellants filed an answer to Texa Tonka's complaint, which asserted, among other things, ineffective service on Prantner. On April 2, 2025, Texa Tonka filed a memorandum of law opposing the motion to intervene.

Following further filings and communications by appellants and Texa Tonka, the district court set a hearing. In May 2025, counsel for Texa Tonka and counsel for appellants appeared for a hearing; the other parties were not present or represented. The district court questioned whether there was an active case in which intervention was possible since Prantner had settled her dispute with Texa Tonka in December 2024. Appellants argued that there was a case into which they could intervene; they also asserted that they had already intervened and had an interest that justified intervention. Because neither Prantner nor O'Donnell was present at the hearing, the district court scheduled another hearing for June. It also allowed appellants and Texa Tonka to submit letter briefs to address whether intervention is proper in a case that had already been closed. At the June hearing, although appellants suggested that they had not yet had the opportunity to fully brief a motion to intervene, appellants and Texa Tonka argued the issue of intervention.

In August 2025, the district court entered a written order denying intervention. It determined that appellants failed to satisfy the requirements for intervention of right or permissive intervention.

This appeal follows.

**ISSUES**

I.      Did the district court err by ruling on the merits of intervention under Minnesota Rule of Civil Procedure 24 when no party objected to appellants' notice of intervention within 30 days of service of the notice?

II.     Did the district court err when it denied intervention under Minnesota Rules of Civil Procedure 24.01 and 24.02?

**ANALYSIS**

Appellants argue that they automatically intervened in the underlying action under rule 24.03 when no existing party timely objected to their notice of intervention and that the district court lacked authority to reject intervention. In the alternative, they argue that the district court erred by denying intervention as of right under rule 24.01 or permissive intervention under rule 24.02. We address each argument in turn.

**I.      The district court did not err by ruling on the merits of appellants' intervention.**

Appellants argue that, under rule 24.03, their intervention was automatically established when Texa Tonka failed to object within 30 days to their notice of intervention and that the district court lacked authority to consider whether their notice of intervention set out a substantive basis that satisfied rule 24.01 or 24.02.

Appellants' argument requires us to interpret rule 24. The interpretation of a rule of civil procedure is a question of law that is reviewed de novo. *Gams v. Houghton*, 884 N.W.2d 611, 616 (Minn. 2016).

The principles of statutory interpretation apply to court rules. *See Bell v. St. Joseph Mut. Ins. Co.*, 990 N.W.2d 504, 508 (Minn. App. 2023) (applying the principles of statutory interpretation to a rule of civil procedure), *rev. denied* (Minn. Aug. 8, 2023). In interpreting court rules, appellate courts "look first to the plain language." *Gams*, 884 N.W.2d at 616 (quotation omitted). "If the language of a rule is plain and unambiguous," courts follow the rule's plain language. *Id.* "A rule is ambiguous only if the language of the rule is subject to more than one reasonable interpretation." *Id.* And only if the rule is ambiguous do courts look to other interpretive tools. *See Rodriguez v. State Farm Mut. Auto. Ins. Co.*, 931 N.W.2d 632, 634 (Minn. 2019).

In determining a rule's plain meaning, the words of the rule are not read in isolation. *State v. Henderson*, 907 N.W.2d 623, 626 (Minn. 2018). Instead, the rule "is to be read and construed as a whole so as to harmonize and give effect to all its parts." *Scheurer v. Shrewsbury*, 24 N.W.3d 670, 676 (Minn. 2025) (quotation omitted). The structure of the rule is considered in determining its meaning. *See Rodriguez*, 931 N.W.2d at 637.

Rule 24 has three parts. Rule 24.01 provides that an applicant shall be permitted to intervene in an action "when the applicant claims an interest relating to the property or transaction which is the subject of the action" and the "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Rule 24.02 provides that an applicant may be permitted to intervene "when an applicant's claim or defense and the main action have a common question of law or fact." Rule 24.03 identifies the procedure for intervening. It states:

A person desiring to intervene shall serve on all parties to the action and file a notice of intervention which shall state that in the absence of objection by an existing party to the action within 30 days after service thereof upon the party, such intervention shall be deemed to have been accomplished. The notice of intervention shall be accompanied by a pleading setting forth the nature and extent of every claim or defense as to which intervention is sought and the reasons for the claim of entitlement to intervention. Within 30 days after service upon the party seeking to intervene of a notice of objection to intervention, the party shall serve a motion to intervene upon all parties as provided in [Minnesota Rule of Civil Procedure] 5.

Upon written consent of all parties to the action, anyone interested may intervene under this rule without notice.

Minn. R. Civ. P. 24.03.

Appellants argue that the "deemed to have been accomplished" language in rule 24.03 means that they automatically became parties to the action when 30 days elapsed without objection to their notice. They assert that the "deemed accomplished" language "conclusively removes the need for judicial consideration of a motion to intervene" and that, once intervention has been "deemed accomplished," "[t]here is nothing in the Rule leaving the determination of the appropriateness of the accomplished intervention in the hands of a district court judge."

Texa Tonka counters that the appellants' reading of rule 24.03 is unreasonable and "creates a backdoor to intervention," circumventing the substantive requirements of rules 24.01 and 24.02. Texa Tonka contends that the most reasonable construction of rule 24 as a whole "requires that a prospective intervenor must satisfy either Rule 24.01 or 24.02 *as a substantive* matter in order to intervene, and Rule 24.03 merely describes the

*procedural* steps they should follow to make the showing that they qualify under Rule 24.01 or Rule 24.02."[3]

To resolve the dispute, we turn to the language and structure of the rule. As noted above, the rule lays out two substantive bases for intervention—as of right and permissive intervention. Rule 24.03 establishes the procedure for intervening. It states that a person seeking to intervene "shall" serve on the parties a notice of intervention. The person must also serve "a pleading setting forth the nature and extent of every claim or defense as to which intervention is sought and the reasons for the claim of entitlement to intervention." Minn. R. Civ. P. 24.03. The person seeking to intervene thus must identify the substantive basis for intervention under rule 24.01 or 24.02.

Appellants are correct, and Texa Tonka does not dispute, that the procedure for intervention required by rule 24.03 allows intervention to be accomplished without court involvement if the existing parties do not object.[4] But appellants' interpretation—that intervention that is "deemed accomplished" under rule 24.03 and cannot be rejected by the district court—is unreasonable. Under appellants' interpretation, a district court could not

---

[3] Texa Tonka also argues that, by filing a motion to intervene at the same time as serving their notice of intervention, the Vetters waived their right to be "deemed" intervenors because the motion led Texa Tonka to believe that a motion hearing would be scheduled rather than intervention occurring automatically if there was no objection. Because we conclude that the district court was not precluded from rejecting intervention that was "deemed accomplished," we need not address this waiver argument.

[4] We note that rule 24.03 does not precisely say that intervention is deemed accomplished absent an objection to a notice to intervene. Instead, it says that the party's notice must *state* that intervention will be deemed accomplished absent an objection. Minn. R. Civ. P. 24.03. It is reasonable to infer from that requirement that intervention will in fact be deemed accomplished.

reject intervention by a person who does not satisfy either of the two substantive bases for intervention identified by the rule so long as the existing parties failed to object. We conclude that such a result is inconsistent with the plain language of rule 24 and its structure.

Rule 24.01 and rule 24.02 identify two substantive bases for intervention, and rule 24.03 requires the prospective intervenor to identify their basis to intervene. From this structure and language, it is apparent that a prospective intervenor must have a substantive basis to intervene. The supreme court has explained:

> Under Minn. R. Civ. P. 24.03, a person seeking to intervene must serve and file (1) a notice of intervention, which is automatically effective after 30 days if no one objects, and (2) a pleading "setting forth the nature and extent of every claim or defense as to which intervention is sought and the reasons for the claim of entitlement to intervention." *In other words, a person can intervene only if he or she has some interest in the proceeding (in either one of the claims or one of the defenses) then before the court.*

*In re Disciplinary Action Against Paul*, 809 N.W.2d 693, 703 (Minn. 2012) (emphasis added).

The "deemed accomplished" language in rule 24.03 does not undermine this conclusion. Appellants argue that allowing a district court to reject intervention that is deemed accomplished under rule 24.03 is contrary to the supreme court's decision in *Gams*. We disagree. In *Gams*, the supreme court rejected the argument that the plain language of Minnesota Rule of Civil Procedure 5.04(a)—which states that an action that is not filed with district court within one year of commencement is "deemed dismissed with prejudice"—precludes a district court from granting relief from a deemed dismissal. 884

10

N.W.2d at 616-18. It explained that, "although judicial action is not needed for the dismissal in Rule 5.04(a) to occur, the rule does not foreclose judicial action following a belated filing." *Id.* Similarly, here, even though judicial action is not needed for intervention to be "deemed accomplished" when an existing party does not object, nothing in rule 24 forecloses subsequent judicial action rejecting a deemed intervention that does not satisfy one of the substantive bases laid out in rule 24.01 and rule 24.02.

In sum, we conclude that, under rule 24, a district court may reject intervention in an action even though no party timely objected to the applicant's notice of intervention. As a result, the district court did not err by ruling on the merits of appellants' intervention.

## II. The district court did not err by denying intervention as of right under rule 24.01 and permissive intervention under rule 24.02.

Appellants next argue that, even if the district court could reject a deemed intervention, it erred by denying intervention of right under rule 24.01 and permissive intervention under rule 24.02.[5]

### A. Intervention of Right

Denial of intervention under rule 24.01 is reviewed de novo. *Miller v. Miller*, 953 N.W.2d 489, 493 (Minn. 2021). To intervene as of right, a proposed intervenor must satisfy a four-part test:

> (1) a timely application for intervention;

---

[5] Appellants suggest some unfairness or improper procedure by the district court in ruling on the merits of intervention because appellants had not "(yet) fully brought" their motion to intervene. Although appellants apparently had not scheduled a hearing on their motion to intervene, the district court discussed intervention with the appellants and Texa Tonka at two hearings and the record contains ample filings on the topic. We see nothing improper in the district court ruling on the merits of intervention when it did.

(2) an interest relating to the property or transaction which is the subject of the action;

(3) circumstances demonstrating that the disposition of the action may as a practical matter impair or impede the party's ability to protect that interest; and

(4) a showing that the party is not adequately represented by the existing parties.

*Minneapolis Star & Trib. Co. v. Schumacher*, 392 N.W.2d 197, 207 (Minn. 1986); *see* Minn. R. Civ. P. 24.01. Because we conclude that appellants do not satisfy the second element, we begin and end our analysis there.

The second element requires that that a prospective intervenor have "an interest relating to the property or transaction which is the subject of the action." *Schumacher*, 392 N.W.2d at 207. The person must have "a direct and concrete interest that is accorded some degree of legal protection." *Miller*, 953 N.W.2d at 494 (quoting *Diamond v. Charles*, 476 U.S. 54, 75 (1986)). Merely suffering indirect harm from a judgment's result is insufficient. *Heller v. Schwan's Sales Enters., Inc.*, 548 N.W.2d 287, 291-92 (Minn. App. 1996), *rev. denied* (Minn. Aug. 6, 1996).

Appellants argue that, because Texa Tonka's default judgment was a lien on the Le Sueur County property, they have an interest relating to the transaction or property that is the subject of the underlying breach-of-contract action. We disagree. The "transaction" that is the subject of the action is the lease for commercial property and the associated guarantee between Texa Tonka and JK 4, O'Donnell, and Prantner. Appellants have no interest in that transaction. And the Le Sueur County property is not "property" that is a subject of Texa Tonka's breach-of-contract claims.

12

The lien on the Le Sueur County property is simply a mechanism for collecting a debt arising from the underlying judgment. Appellants' interest is indirect. It is not the type of direct, legally protected interest that is required for intervention. *See Lewis v. Lewis*, 10 N.W. 586 (Minn. 1881) (holding that creditors had no interest in an action on promissory notes when their claimed interest concerned attached property and lien priority rather than the debt at issue); *Miller*, 953 N.W.2d at 494-96 (holding that beneficiary had no interest in the division of retirement accounts in a dissolution action where the beneficiary's interest arose from the disposition of the decedent's estate and not the marital property dispute); *Luthen v. Luthen*, 596 N.W.2d 278, 281-82 (Minn. App. 1999) (holding that intervenor had no interest in a dissolution action where its claimed interest was tied to child-support obligations affected by the judgment, not the underlying marital dispute).

We are not convinced otherwise by appellants' citation of *Erickson v. Bennett*, 409 N.W.2d 884 (Minn. App. 1987). In *Erickson*, we held that an insurance company was entitled to intervene under rule 24.01 after its insured secured a default judgment against an uninsured motorist, thus obligating the insurer to pay the insured under the policy's terms. 409 N.W.2d at 885-86. Unlike appellants, the *Erickson* intervenor had a direct interest in the subject matter of the underlying suit—namely, liability for damages from a car accident. *Id.* at 888. Appellants have no comparable interest in the breach-of-contract claim here.[6]

---

[6] Appellants also offer *Westfield Ins. Co. v. Wensmann, Inc.*, another case involving an insurer being allowed to intervene. 840 N.W.2d 438 (Minn. App. 2013), *rev. denied* (Minn. Feb. 26, 2014). For similar reasons, that case is also not applicable here.

Appellants suggest that they have a right to intervene because Prantner "bargained away" their interest when she chose to waive her personal-jurisdiction defense as part of a settlement. But intervention is allowed for a party to protect their own legal interests—not to vindicate another party's rights. *See Schroeder v. Minn. Sec'y of State*, 950 N.W.2d 70, 76 (Minn. App. 2020), *rev. dismissed* (Minn. Nov. 25, 2020). Personal jurisdiction is "a legal right protecting the individual," *Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 868 (Minn. 2000) (quotation omitted), and a party may waive an inadequate-service-of-process defense and consent to personal jurisdiction, *Rued v. Comm'r of Hum. Servs.*, 13 N.W.3d 42, 51-52 (Minn. 2024) (quotation omitted). Appellants have cited no authority showing that they have a right to override that waiver and assert Prantner's lack-of-personal-jurisdiction defense in a breach-of-contract dispute that she has already settled.

Because appellants do not have a sufficient interest in the subject of this action, the district court did not err by denying intervention under rule 24.01.

### B.    Permissive Intervention

Appellants also argue that the district court erred by denying permissive intervention.

"Denials of requests for permissive intervention are generally not appealable." *State v. Deal*, 740 N.W.2d 755, 760 (Minn. 2007). But review is proper when a district court's decision was "based on a finding that the applicant had no protectable interest in the litigation," and an appellate court will reverse based on a "clear abuse of discretion." *Id.* (quotation omitted).

14

Rule 24.02 allows a party to "intervene in an action when an applicant's claim or defense and the main action have a common question of law or fact" and the intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties."

Here, the district court recognized that the standard for permissive intervention is "looser" than the standard for intervention of right, but it still denied intervention. In doing so, it cited the reasons that it had given in denying intervention of right, including that appellants have no interest relating to the lease in the breach-of-contract action. The district court also explained that posttrial intervention is disfavored by Minnesota courts and cited "the severe prejudice that would result to Texa Tonka and Prantner from re-opening the merits of a closed case that they no longer want litigated, to allow strangers to the underlying facts to litigate the issues Texa Tonka and Prantner resolved."

As we concluded above, appellants have no protectable interest in the underlying action. And we find the district court's concern about prejudice to be well-founded. We therefore conclude that the district court acted within its discretion by denying permissive intervention.

## DECISION

The district court did not err by considering whether appellants had a substantive basis to intervene in this action even though no party timely objected to their notice of intervention, and the district court did not err by denying intervention as of right or abuse its discretion by denying permissive intervention.

**Affirmed.**

15