# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-0060

Jerry Wayne Cole,
Appellant,

vs.

Alexander Allen Wutzke,
Respondent.

**Filed August 31, 2015**
**Reversed and remanded**
**Schellhas, Judge**

Anoka County District Court
File No. 02-CV-14-4474

Kay Nord Hunt, Lommen Abdo, P.A., Minneapolis, Minnesota; and

Michael J. Fay, Fay & Associates, LLC, Minneapolis, Minnesota (for appellant)

Paula Duggan Vraa, Jennifer L. Young, Larson • King, LLP, St. Paul, Minnesota (for respondents)

Considered and decided by Stauber, Presiding Judge; Schellhas, Judge; and Reyes, Judge.

## S Y L L A B U S

A district court abuses its discretion by ordering the entry of judgment in an action deemed dismissed for noncompliance with Minn. R. Civ. P. 5.04(a) if the plaintiff has established a basis for relief under Minn. R. Civ. P. 60.02.

# OPINION

**SCHELLHAS**, Judge

Appellant challenges the district court's judgment of dismissal of his personal-injury action for noncompliance with Minn. R. Civ. P. 5.04(a), which requires actions to be filed within one year of service.[1] Because the grant of relief under Minn. R. Civ. P. 60.02 is appropriate, we reverse the judgment of dismissal and remand for further proceedings on the merits.

## FACTS

On April 25, 2012, appellant Jerry Wayne Cole was involved in an automobile collision with respondent Alexander Allen Wutzke. On June 5, 2013, Cole initiated a civil action by serving a summons and complaint on Wutzke. Over the following months, the parties engaged in discovery and settlement discussions. During discovery, Wutzke admitted liability for the collision.

On July 22, 2014, Wutzke's counsel sent a letter to Cole's counsel advising that rule 5.04(a) required that the action be filed within one year of service or be deemed dismissed with prejudice and that, absent proof that the action had been filed, Wutzke's counsel would be closing the file. On July 25, Cole's counsel filed the summons and complaint in district court. Wutzke filed his answer and a motion to dismiss on August 13, arguing that the matter was deemed dismissed under rule 5.04(a) and

---

[1] Following the entry of judgment in this case, the supreme court designated the relevant language in rule 5.04 as 5.04(a). *Order Promulgating Amendments to the Rules of Civil Procedure*, No. ADM04-8001 (Minn. Apr. 22, 2015). For clarity, we cite to rule 5.04(a) throughout this opinion.

requesting "formal court action dismissing it." Cole moved to vacate and reinstate the action, explaining that his counsel did not file his complaint timely under rule 5.04(a) because the rule became effective after the action was initiated, and his counsel mistakenly believed that the filing requirement did not apply to pending actions.

The district court acknowledged Cole's request for relief under rule 60.02 but explained that it could not "find that ignorance of the law constitutes excusable neglect." Concluding that rule 5.04(a) compelled dismissal, the court dismissed Cole's action with prejudice and ordered entry of judgment of dismissal.

Judgment was entered and this appeal follows.

**ISSUE**

Did the district court err by ordering judgment of dismissal with prejudice?

**ANALYSIS**

As amended effective July 1, 2013, Minn. R. Civ. P. 5.04(a) requires that all nonfamily civil actions be filed within one year of service of the summons and complaint or be deemed dismissed with prejudice. By order filed May 8, 2013, the supreme court directed that the amended rule would apply to all actions and proceedings pending on or commenced after the effective date, but that no action should be involuntarily dismissed under the rule before July 1, 2014. *Order Relating to Civil Justice Reform Task Force, Authorizing Expedited Civil Litigation Track Pilot Project, & Adopting Amendments to Rules of Civil Procedure & General Rules of Practice*, No. ADM10-8051 (Minn. May 8, 2013).

Cole challenges both the dismissal of his action and the implicit denial of his motion to vacate and reinstate. The parties do not dispute, and we have recently held, that a party may seek relief under Minn. R. Civ. P. 60.02 from a judgment entered based on a party's noncompliance with rule 5.04(a). *See Gams v. Houghton*, ___ N.W.2d ___, ___, No. A14-1747, slip op. at 6 (Minn. App. Aug. 24, 2015). But we have not addressed the proper procedure to be followed when a complaint is filed untimely under Minn. R. Civ. P. 5.04(a) and the plaintiff opposes the defendant's motion for dismissal and entry of judgment.

In the default-judgment context, the supreme court has held that dismissal is inappropriate when a plaintiff has established a basis for relief under Minn. R. Civ. P. 60.02. *See Coller v. Guardian Angels Roman Catholic Church*, 294 N.W.2d 712, 715 (Minn. 1980); *Kosloski v. Jones*, 295 Minn. 177, 179–80, 203 N.W.2d 401, 403 (1973). Similarly here, we hold that, when a plaintiff fails to comply with rule 5.04(a) by filing a complaint more than one year after service but opposes the defendant's dismissal motion and addresses the factors for relief under Minn. R. Civ. P. 60.02, a district court errs by ordering judgment of dismissal in the action if relief is appropriate under Minn. R. Civ. P. 60.02.

Courts addressing requests for relief under Minn. R. Civ. P. 60.02 must consider the following factors (rule-60.02 factors): (1) whether the party seeking relief has a reasonable claim or defense on the merits; (2) whether the party has a reasonable excuse for the neglect; (3) whether the party acted diligently after the entry of judgment; and (4) whether the party has demonstrated that no prejudice will occur to the opposing party.

4

*Northland Temps., Inc. v. Turpin*, 744 N.W.2d 398, 402 (Minn. App. 2008), *review denied* (Minn. Apr. 29, 2008). "Importantly, a party seeking relief from a judgment need not categorically establish all four of the rule-60.02 factors." *Gams*, slip op. at 8. Generally the decision whether to grant relief under rule 60.02 is discretionary, but the district court must grant relief if all of the rule-60.02 factors favor the party seeking relief. *Northland Temps.*, 744 N.W.2d at 402; *see also Finden v. Klaas*, 268 Minn. 268, 271–73, 128 N.W.2d 748, 750–51 (1964) (reversing district court's denial of relief when all factors met); *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952) (same).[2]

Cole asserts that the district court failed to apply the rule-60.02 factors and that we therefore should review the district court's decision de novo. Although the district court did not make written findings on each rule-60.02 factor, the court's consideration of the factors is evident from the record. Accordingly, we review the court's decision for an abuse of discretion. Wutzke concedes that Cole has a reasonable claim on the merits. We therefore turn our attention to the remaining rule-60.02 factors.

As to the second rule-60.02 factor, the district court concluded, regarding Cole's attorney's misapprehension of rule 5.04(a), that it could not "find that ignorance of the law constitutes excusable neglect." But as Cole correctly asserts, Minnesota courts have been careful not to burden unwitting clients with the consequences of attorney error. "Minnesota courts have consistently held that default caused by a party's attorney rather

---

[2] As we recently explained in *Gams*, the rule-60.02 factors are not elements to be proven, but rather factors to be weighed in the individual circumstances of the case for a determination of whether relief is appropriate. Slip op. at 8–9.

5

than by the party himself should be excused." *Coller*, 294 N.W.2d at 715; *see also*

*Conley v. Downing*, 321 N.W.2d 36, 40–41 (Minn. 1982) (reversing district court's denial

of relief from judgment entered after attorney failed to respond to summary-judgment

motion); *Finden*, 268 Minn. at 271−72, 128 N.W.2d at 750−51 (reversing district court's

denial of relief from judgment entered after attorney failed to answer complaint when

party had relied on assurances that attorney would respond). And, in addition to cases of

attorney inadvertence, we have applied this rule in cases in which attorneys have

misapprehended the applicability of procedural requirements. *See Lysholm v. Karlos*, 414

N.W.2d 773, 775 (Minn. App. 1987) (treating as excusable neglect attorney's failure to

file certificate of readiness based on belief that rule did not apply to case stricken from

trial calendar by stipulation of parties); *Sand v. Sch. Serv. Emps. Union, Local 284*, 402

N.W.2d 183, 186–87 (Minn. App. 1987) (same, based on attorney's belief that action had

been stayed), *review denied* (Minn. Apr. 29, 1988). Moreover, "even in those cases where

a court has held the neglect of a client's attorney to be inexcusable, if such neglect has

been purely that of counsel, ordinarily courts are loath to 'punish' the innocent client for

the counsel's neglect." *Charson v. Temple Israel*, 419 N.W.2d 488, 491 (Minn. 1988);

*see also C & A Enters. v. Carlson Tractor & Equip. Co.*, 408 N.W.2d 921, 923–24

(Minn. App. 1987) (stating that party should not be penalized for attorney's failure to

comprehend scope of rule). Accordingly, we conclude that the second rule-60.02 factor

favors a grant of relief to Cole.

The third rule-60.02 factor requires that the movant acted diligently after notice of

entry of judgment. *Northland Temps.*, 744 N.W.2d at 398. Here, Cole sought relief within

6

days of learning of the deemed dismissal under rule 5.04(a), before judgment was entered. Under these circumstances, we conclude that Cole acted diligently and therefore that the third rule-60.02 factor also favors a grant of relief. *See Coller*, 294 N.W.2d at 715 (party acted diligently after learning of failure to answer by serving answer five days after notice of motion for default judgment was served).

The fourth rule-60.02 factor requires the party seeking relief to demonstrate that no prejudice will occur to the other party. *Northland Temps.*, 744 N.W.2d at 402. Delay and added expense do not constitute prejudice. *See Finden*, 268 Minn. at 272, 128 N.W.2d at 751 (noting inherent prejudice when trial is delayed and concluding that delay and added expense were not substantial prejudice). Wutzke does not argue prejudice through delay in this case, nor could he. *See, e.g.*, *Coller*, 294 N.W.2d at 715 (holding that plaintiff was not prejudiced by defendants' delay in answering when parties had proceeded with discovery). Indeed, any prejudice from delay has been caused as much by Wutzke's motion to dismiss as by Cole's failure to adhere to the time requirement of rule 5.04(a). Under similar circumstances in *Guillaume & Assocs., Inc. v. Don-John Co.*, this court stated that "[t]his use of the Minnesota Rules of Civil Procedure is contrary to a central purpose of the rules—to secure a just determination of every action." 371 N.W.2d 15, 18–19 (Minn. App. 1985) (quotation omitted).

Wutzke argues that he would be prejudiced through a denial of his expectation of finality under rule 5.04(a), which he compares to the finality provided by a statute of limitations. We reject this analogy. "Statutes of limitations serve dual purposes: 'the repose of the defendant and the fair and effective administration of justice.'" *Hempel v.*

*Creek House Trust*, 743 N.W.2d 305, 311 (Minn. App. 2007) (quoting *Dalton v. Dow Chem. Co*., 280 Minn. 147, 153 n.2, 158 N.W.2d 580, 584 n.2 (1968)). In contrast, the task force report underlying the adoption of the 2013 amendments to rule 5.04(a) indicates that the purpose of the amendments is to limit the costs and burdens associated with litigation of actions once commenced. *See Minnesota Supreme Court Civil Justice Reform Task Force, Final Report* 21−22 (Dec. 23, 2011). The report also notes the availability of relief under Minn. R. Civ. P. 60, which undermines Wutzke's assertion that the rule provides a right of finality. *See id.* at 23 n.9. Accordingly, we conclude that the fourth rule-60.02 factor also favors a grant of relief.

## D E C I S I O N

Because all of the rule-60.02 factors favor a grant of relief, we conclude that the district court abused its discretion by ordering entry of judgment dismissing the action with prejudice for noncompliance with Minn. R. Civ. P. 5.04(a). We therefore reverse the dismissal and remand for further proceedings on the merits.

**Reversed and remanded.**