STATE OF MINNESOTA

IN SUPREME COURT

A15-0060

Court of Appeals

Gildea, C.J.

Jerry Wayne Cole,

Respondent,

vs.                                                        Filed:  August 31, 2016
                                                           Office of Appellate Courts

Alexander Allen Wutzke,

Appellant.

_____

Kay Nord Hunt, Lommen Abdo, P.A., Minneapolis, Minnesota; and

Michael J. Fay, Fay & Associates, LLC, Minneapolis, Minnesota, for respondent.

Paula Duggan Vraa, Stephanie L. Chandler, Larson • King, LLP, Saint Paul, Minnesota, for appellant.

Charles F. Webber, Faegre Baker Daniels LLP, Minneapolis, Minnesota; and

Daniel J. Cragg, Eckland & Blando LLP, Minneapolis, Minnesota, for amicus curiae Minnesota State Bar Association.

_____

S Y L L A B U S

The district court abused its discretion in conducting its analysis under Minn. R. Civ. P. 60.02(a), because it failed to consider all four requirements from *Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748 (1964), in light of the surrounding circumstances.

Affirmed as modified.

1

OPINION

GILDEA, Chief Justice.

The question presented in this case is whether counsel's mistake about the applicability of a procedural rule is sufficient, by itself, to deny relief under Minn. R. Civ. P. 60.02. The district court denied respondent Jerry Wayne Cole's Rule 60.02 motion concluding that Cole's counsel's admitted "ignorance of the law" could not constitute "excusable neglect" under the rule. The court of appeals reversed and concluded that Cole was entitled to relief under Rule 60.02. *Cole v. Wutzke*, 868 N.W.2d 925, 928-30 (Minn. App. 2015). Because we conclude that the district court abused its discretion by failing to consider all four requirements from *Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748 (1964), in light of the surrounding circumstances, we affirm as modified but remand to the district court for reconsideration of Cole's Rule 60.02 motion.

This case arises from an automobile collision that occurred on April 25, 2012, involving Cole and Wutzke. On June 5, 2013, Cole commenced the present suit against Wutzke by service of a summons and complaint. *See* Minn. R. Civ. P. 3.01(a). From July 2013 through March 2014, the parties actively litigated the case, exchanging various discovery requests and responses. On July 8, 2014, Cole's attorney contacted Wutzke about the possibility of settlement. Rather than discuss settlement, however, Wutzke sent a letter dated July 22, 2014, indicating that he would be closing his file if he did not receive proof of a timely filing pursuant to Minn. R. Civ. P. 5.04(a). Cole's attorney was aware of the Rule 5.04(a) amendment, but had admittedly failed to understand that Rule 5.04(a) applied to cases pending before its effective date. *See generally Gams v. Houghton*,

No. A14-1747, slip op. at 7-8 (Minn. filed Aug. 31, 2016) (discussing Rule 5.04(a) and holding that Rule 60.02 applies to dismissals under Rule 5.04(a)).

On July 23, 2014, Cole transmitted the summons, complaint, and affidavit of service to the district court. The court administrator accepted the filing on July 25, 2014. On August 13, 2014, Wutzke filed his answer and a motion to dismiss, citing Cole's failure to file by July 1, 2014, as required by Rule 5.04(a). On August 29, 2014, Cole countered with a Rule 60.02(a) motion to vacate, recognizing that Wutzke's motion "st[ood] to be automatically granted by the Court with no opportunity for Plaintiff to be heard." The court scheduled a joint hearing on the motions for November 26, 2014.[1]

At the hearing, Cole argued that his counsel's neglect was "excusable" because the online version of the rules, on which his counsel relied, did not state that Rule 5.04(a) applied to actions pending before its effective date. Cole contends that because the mistake was solely counsel's, Cole should not be made to suffer the ultimate consequence of dismissal, especially because the case was progressing.

The district court dismissed the action and denied Cole's motion to vacate. The court concluded that Rule 5.04(a) mandated dismissal and that "ignorance of the law" by Cole's counsel was not "excusable neglect" under Rule 60.02(a). Such an exception, the court reasoned, "would swallow the rule."

---

[1]     A motion to dismiss is not required under the plain language of Rule 5.04(a). *Gams*, No. A14-1747, slip op. at 9. *See also Final Report and Recommendations of the Minnesota Supreme Court Civil Justice Reform Task Force*, No. ADM10-8051, at 23 (Dec. 23, 2011) (noting that new rule "does not require a motion" for the case to be deemed dismissed).

3

The court of appeals reversed and remanded, concluding that the district court abused its discretion by denying Cole's motion to vacate. *Cole*, 868 N.W.2d at 930. Specifically, the court of appeals rejected the district court's excusable-neglect analysis, reasoning that Minnesota courts have long relieved unwitting clients, such as Cole, of the consequences of their attorney's unilateral errors. *Id.* at 929. Accordingly, the court of appeals held that Cole was entitled to relief under Rule 60.02 and remanded for further proceedings on the merits of the claims Cole alleged in his complaint. *Id.* at 930. We granted Wutzke's petition for review.

I.

Wutzke argues on appeal that the district court did not abuse its discretion in concluding that "ignorance of the law" cannot constitute "excusable neglect" under Rule 60.02(a). The decision whether relief is warranted under Rule 60.02 is committed to the sound discretion of the district court and is based upon all the surrounding circumstances of each case. *Gams*, No. A14-1747, slip op. at 14. We will reverse the decision of a district court only when there has been a clear abuse of discretion. *Id.*

Rule 60.02(a) provides relief from a "final judgment . . . , order, or proceeding" for, among other reasons, "excusable neglect."[2] We have long stated that relief should be granted where the movant affirmatively satisfies four requirements: (1) a "reasonable

---

[2]     Unlike in *Gams*, No. A14-1747, slip op. at 9, the Rule 5.04(a) "deemed" dismissal did not result in a court order. That dismissal, however, still falls within the language of Rule 60.02 because it is a "proceeding." *See id.*; *see also State v. Hohenwald*, 815 N.W.2d 823, 830 (Minn. 2012) ("The word 'proceeding[]' generally refers to 'the course of procedure in a judicial action or in a suit in litigation.' ").

defense on the merits" or, as relevant here, a "debatably meritorious claim"; (2) a reasonable excuse for his or her failure or neglect to act; (3) that he or she " 'acted with due diligence' " after learning of the error or omission; and (4) that " 'no substantial prejudice will result to the other party.' " *Charson v. Temple Israel*, 419 N.W.2d 488, 491-92 (Minn. 1988) (quoting *Finden*, 268 Minn. at 271, 128 N.W.2d at 750). Although some showings may be stronger than others, *see Taylor v. Steinke*, 295 Minn. 244, 246, 203 N.W.2d 859, 860 (1973), the moving party must establish all four requirements for relief to be warranted. *Gams*, No. A14-1767, slip op. at 14. If the district court, in its sound discretion, determines that the movant has satisfied these four requirements, relief should be granted. *Finden*, 268 Minn. at 271, 128 N.W.2d at 750; *see also Charson*, 419 N.W.2d at 492 (holding that the district court abused its discretion by denying relief under Rule 60.02(a) when a movant had "met the burden of clearly demonstrating the existence of the four elements of the *Finden* analysis").

At the threshold, Wutzke asserts that Rule 5.04(a) is akin to a statute of limitations, and that we should alter our consideration of the *Finden* requirements accordingly for this appeal. Specifically, Wutzke argues that we should narrowly construe the factors with his expectation of "finality" in mind. We disagree.

We have recognized that there is a meaningful distinction "between non-jurisdictional procedural rules designed for the orderly transaction of business and jurisdictional time limits" set forth by statute. *In re Civil Commitment of Giem*, 742 N.W.2d 422, 427 n.6 (Minn. 2007); *see also Schacht v. United States*, 398 U.S. 58, 64 (1970) (explaining that "procedural rules adopted by the Court for the orderly transaction

5

of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion when the ends of justice so require"). Rule 5.04(a) falls into the former category. It is not a legislatively enacted statute of limitations designed to provide repose to a defendant. *Dalton v. Dow Chem. Co.*, 280 Minn. 147, 153 n.2, 158 N.W.2d 580, 584 n.2 (1968). Instead, Rule 5.04(a) is a procedural tool we promulgated to aid the orderly and efficient administration of justice. We therefore reject Wutzke's attempt to analogize Rule 5.04(a) to a statute of limitations and instead hold that the analysis of the *Finden* requirements is the same under a Rule 5.04(a) dismissal as it is for other dismissals considered under Rule 60.02.

Under the *Finden* analysis, a debatably meritorious claim is one that, if established at trial, presents a cognizable claim for relief. *See Finden*, 268 Minn. at 271, 128 N.W.2d at 750 (explaining that self-defense is a "reasonable defense" because, "if it is established," it is a complete defense on the merits). To satisfy this factor, the movant generally must provide "specific information" that clearly demonstrates the existence of the debatably meritorious claim.[3] *Charson*, 419 N.W.2d at 492. Conclusory allegations in moving papers are ordinarily insufficient. *Id.* at 491; *In re Welfare of Children of Coats*, 633 N.W.2d 505, 511 (Minn. 2001) (reasoning that the district court properly concluded

---

[3]    We have not yet decided whether a plaintiff seeking Rule 60.02 relief may rely entirely on the well-pleaded facts of the complaint in establishing a debatably meritorious claim, or whether an affidavit outside of the pleadings is needed. *See Charson*, 419 N.W.2d at 492. We need not decide this issue in this case, as Wutzke conceded that the first requirement is satisfied here.

6

that the movant's proffered defense was deficient because it was supported "by no more than conclusory statements").

As to "reasonable excuse," we have long said that mistakes of law, as well as mistakes of fact, "may afford ground[s] for relief." *E.g.*, *Baxter v. Chute*, 50 Minn. 164, 166, 52 N.W. 379, 380 (1892). Additionally, our case law generally "reflects a strong policy favoring the granting of relief when judgment is entered through no fault of the client." *Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 491 (Minn. 1997). More specifically, we have held that "even in those cases where a court has held the neglect of a client's attorney to be inexcusable, if such neglect has been purely that of counsel, ordinarily courts are loath to 'punish' the innocent client for the counsel's neglect." *Charson*, 419 N.W.2d at 491.[4]

We have cautioned, however, that not "all mistakes, whether of fact or of law, and whether committed by a party to an action or by his attorney, are . . . subject to relief." *Baxter*, 50 Minn. at 167, 52 N.W. at 380. Indeed, the right to vacatur is "not absolute"; rather, it is a matter "largely within the discretion of the trial court." *E.g.*, *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). As such, it is generally for the district court to determine whether the excuse offered by the movant is true and reasonable under the circumstances. *Standard Oil Co. v. King*, 238 Minn. 81, 83, 55 N.W.2d 710, 712

---

[4]     *In re Bonley*, 213 Minn. 214, 216, 6 N.W.2d 245, 246 (1942), concluded that, in an action to register title to land, a district court did not abuse its discretion in denying vacatur where the attorney was ignorant of a statute requiring the deposit of overdue taxes, a "mandatory" statutory duty. Our later cases, *Finden*, *Nguyen*, and *Charson*, decided after the Rules of Civil Procedure became effective, did not cite *Bonley*.

(1952); *see also In re J.R., Jr.*, 655 N.W.2d 1, 4 n.3 (Minn. 2003) (explaining that the district court is in the best position to "evaluate the reasonableness of the excuse, the prejudice to the other party, and whether the party has a reasonable" claim or defense). Accordingly, there are no per se rules of law requiring either the grant or denial of a Rule 60.02(a) motion under the "reasonable excuse" requirement. Instead, the decision is fact intensive. *See Gams*, No. A14-1747, slip op. at 14-15.

Next, "due diligence" is assessed from the time that the movant learns of his or her error or omission. *See, e.g.*, *Nguyen*, 558 N.W.2d at 491 ("Defendant acted with diligence upon learning of the oversight."); *Charson*, 419 N.W.2d at 491 ("Charson moved with 'due diligence' after receiving notice of the dismissal."); *Conley v. Downing*, 321 N.W.2d 36, 41 (Minn. 1982) ("[Client] hired another attorney a short time after discovering that nothing had been done and that judgment had been entered against her."); *Coller v. Guardian Angels Roman Catholic Church of Chaska*, 294 N.W.2d 712, 715 (Minn. 1980) ("[D]efendants' attorney acted with due diligence once he became aware of his failure to serve an answer.").

Finally, we have stated that prejudice to the other party " 'should not be presumed nor inferred from the mere fact of delay' "; instead, there must be some " 'particular prejudice of such a character that some substantial right or advantage will be lost or endangered' " if relief is granted. *Beal v. Reinertson*, 298 Minn. 542, 544, 215 N.W.2d 57, 58 (1974) (quoting *Firoved v. Gen. Motors Corp.*, 277 Minn. 278, 283-84, 152 N.W.2d 364, 368 (1967)); *see also Finden*, 268 Minn. at 272, 128 N.W.2d at 751 (noting that mere delay and added expense do not constitute substantial prejudice). Accordingly, the movant

8

bears the burden of demonstrating that the delay resulting from his or her error or omission has not resulted in a real and particular harm to the other party, such as the loss of witnesses or evidence, and that the other party has not otherwise detrimentally relied on the resulting dismissal or judgment. *Nelson v. Siebert*, 428 N.W.2d 394, 395 (Minn. 1988) (reiterating that the burden remains on the movant to establish that no substantial prejudice will result to the other party if relief is granted).

Based on the foregoing, we conclude that the district court abused its discretion by failing to properly apply the *Finden* test in this case. In its order, the district court made findings only on the reasonable-excuse requirement, concluding that it could not "find that ignorance of the law constitutes excusable neglect." The district court's apparent reliance on this per se rule, in conjunction with its failure to consider the other factors in light of the particular facts of the case, was an abuse of discretion. *See Charson*, 419 N.W.2d at 491 (concluding that the district court failed to properly employ the *Finden* analysis because its ruling considered only the reasonableness of Charson's excuse). Accordingly, we hold that the district court abused its discretion in failing to consider all four *Finden* requirements, in light of the surrounding circumstances of the case, and remand for reconsideration of its Rule 60.02(a) ruling in light of this opinion.

Affirmed as modified.