**Jael CORNELL, Appellant,**

v.

**Peter RIPKA, et al., Respondents,**

**Zachary Ripka, Respondent.**

**A16-1742**

Court of Appeals of Minnesota.

Filed May 15, 2017

Konstandinos Nicklow, Meshbesher & Spence, Ltd., Minneapolis, Minnesota (for appellant).

Jacob G. Peterson, D. Sherwood McKinnis, McKinnis & Doom, P.A., Cambridge, Minnesota (for respondents Peter and Stacy Ripka)

Patrick B. Moore, Joslin & Moore Law Office, P.A., Cambridge, Minnesota (for respondent Zachary Ripka)

Considered and decided by Rodenberg, Presiding Judge; Stauber, Judge; and Klaphake, Judge.*

## OPINION

RODENBERG, Judge

In 2008, appellant's mother, acting as parent and natural guardian of appellant, then a minor, sued respondents Peter and Stacy Ripka (collectively, "respondent parents") alleging that they had negligently allowed respondent Zachary Ripka ("respondent son") to sexually assault appellant in 2006. Respondent parents did not answer or otherwise appear in the lawsuit, and it remained dormant for years. While the lawsuit remained dormant, Minn. R. Civ. P. 5.04 was amended to provide that any civil action "not filed with the court within one year of commencement against any party is deemed dismissed with prejudice against all parties." The amended rule became effective for all cases pending or commenced as of July 1, 2013, provided that "no action shall be involuntarily dismissed pursuant to [the amendment] until one year after the effective date." *Gams v. Houghton*, 884 N.W.2d 611, 614 (Minn. 2016). Because neither appellant nor her mother filed the suit papers with the district court before July 1, 2014, the 2008 lawsuit was "deemed dismissed with prejudice" by operation of rule 5.04. Minn. R. Civ. P. 5.04(a). Appellant attempted to dis-

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

miss the lawsuit without prejudice under Minn. R. Civ. P. 41.01(a) in November 2015, but the district court ruled that the suit had already been deemed dismissed by operation of law for failure to timely file it. It therefore dismissed the suit with prejudice.

Appellant then commenced a second lawsuit against respondent parents and respondent son, and moved under Minn. R. Civ. P. 60.02 to reopen the judgment dismissing the first lawsuit. The district court denied the motion for rule 60.02 relief; based on the dismissal of the first lawsuit, and applying res judicata principles, it dismissed the second lawsuit with prejudice.

Because we hold that an action that has been deemed dismissed with prejudice cannot be revived by voluntary dismissal under rule 41.01(a), we affirm the district court's dismissal of the initial action. However, because we hold that the district court erred in its analysis of appellant's motion for relief under rule 60.02 from that dismissal, we reverse the district court's denial of appellant's motion to vacate and remand for further proceedings.

## FACTS

In February 2006, respondent son, then 16 years old, was charged with third-degree criminal sexual conduct for his sexual conduct with his then-fourteen-year-old girlfriend. He was adjudicated delinquent on October 18, 2006, and adjudication was stayed on conditions. Respondent parents were present at disposition when the district court stated that one condition of the stay was that respondent son could have "no unsupervised contact with juvenile females under the age of 13 other than [respondent son's] siblings." Less than ten days later, on October 27, 2006, appellant, then 12 years old, attended a sleepover party as the guest of the daughter of respondent parents at their home. The

night of the sleepover, respondent parents went to sleep around 9:00 p.m. Appellant alleges that on three separate occasions that night, respondent son entered the bedroom where the girls were sleeping, and he sexually assaulted appellant. Respondent son was charged with first-degree criminal sexual conduct by juvenile delinquency petition. He pleaded guilty.

In January 2008, appellant's mother, on appellant's behalf, served a civil summons and complaint on respondent parents, alleging that they negligently supervised respondent son the night of the sleepover. Respondent parents neither served an answer nor made any other pleading or appearance in that case until 2015.

In November 2015, appellant, through new counsel, filed a notice of voluntary dismissal of the 2008 action under Minn. R. Civ. P. 41.01(a). The district court, rather than dismissing the action without prejudice under Minn. R. Civ. P. 41.01(a), determined that the case had been deemed dismissed with prejudice under Minn. R. Civ. P. 5.04 because it was not timely filed with the court. The district court sent notice of the dismissal with prejudice to appellant's mother's former attorney, but that attorney did not inform appellant, her mother, or appellant's new counsel of the dismissal. Unaware that the initial action had been dismissed with prejudice, appellant's new counsel served a second summons and complaint on respondents; this time, including respondent son as a defendant.

On April 20, 2016, respondent parents moved for judgment on the pleadings in the second case based on res judicata, arguing that dismissal of the first lawsuit barred the bringing of the second. On April 22, 2016, appellant moved to vacate the judgment of dismissal in the earlier case under Minn. R. Civ. P. 60.02 and to consolidate the two lawsuits.

The district court denied appellant's motion for rule 60.02 relief. It granted respondent parents' motion for judgment on the pleadings in the second action on the basis of res judicata, and dismissed appellant's second complaint with prejudice, including the claims against respondent son.

This appeal followed.

## ISSUES

I. Is a voluntary dismissal under Minn. R. Civ. P. 41.01(a) available after an action has been deemed dismissed with prejudice under Minn. R. Civ. P. 5.04?

II. Did the district court abuse its discretion when it denied appellant's motion for relief under Minn. R. Civ. P. 60.02 after her first lawsuit was dismissed with prejudice under Minn. R. Civ. P. 5.04?

## ANALYSIS

Appellant argues that the district court erred when it dismissed her initial action with prejudice. She also argues the district court erred in denying her motion to vacate that judgment of dismissal under Minn. R. Civ. P. 60.02. Appellant requests reinstatement and consolidation of both actions.

**I. The district court correctly determined that the first lawsuit was dismissed with prejudice and that a voluntary dismissal without prejudice was no longer available under Minn. R. Civ. P. 41.01(a).**

Appellant first challenges the dismissal of her initial action with prejudice under rule 5.04. She argues that the district court improperly applied rule 5.04 instead of rule 41.01(a). "When the lower court's decision to dismiss involves the interpretation of a procedural rule, the appropriate standard of review is de novo." *Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 393 (Minn. 2003).

Minn. R. Civ. P. 5.04 provides that "any action" must be filed with the court within one year after it is commenced or, if commenced before July 1, 2013, must be filed by July 1, 2014. *See Gams*, 884 N.W.2d at 616. Any action that is not timely filed with the court "is deemed dismissed with prejudice against all parties." Minn. R. Civ. P. 5.04(a).

Appellant, on whose behalf her mother served the initial complaint before July 1, 2013, was required to file the action with the court no later than July 1, 2014. When she failed to do so, the lawsuit was deemed dismissed with prejudice under rule 5.04. When appellant finally filed her complaint in November 2015, she moved for voluntary dismissal of that first action under rule 41.01(a), which provides that a plaintiff may voluntarily dismiss an action without prejudice "without order of court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Minn. R. Civ. P. 41.01(a). But the district court concluded that appellant's complaint had been deemed dismissed with prejudice under rule 5.04 as of July 1, 2014. The district court therefore entered a judgment of dismissal with prejudice. It did not allow the voluntary dismissal without prejudice.

Appellant argues that the district court erred in not dismissing her initial action without prejudice. She argues that, because rule 5.04 is not enumerated as a rule to which rule 41.01(a) is subject, rule 41.01(a) remained available to her and allowed her to dismiss the earlier action without prejudice. Respondent parents argue in response that "a party may invoke [rule 41.01(a)] only if an action exists for it to dismiss."

We agree with the district court's conclusion that appellant's initial action

was deemed dismissed on July 1, 2014. *Gams* held that "the defendant does not need to take any action for Rule 5.04(a) to operate" because "a case is automatically 'deemed' dismissed with prejudice upon failure to file, or obtain a stipulation within the [ ] deadline in the rule." *Gams*, 884 N.W.2d at 617. "[J]udicial action is not needed for the dismissal in rule 5.04(a) to occur." *Id.* Although neither respondent parents nor the district court took any action on July 1, 2014, appellant's first suit was dismissed then.

 Appellant apparently does not contest that, under *Gams*, her action was deemed dismissed upon her failure to file the complaint. She argues, however, that her request for voluntary dismissal revived the action for the sole purpose of allowing the district court to dismiss it once more, this time without prejudice. She cites no authority supporting the proposition that rule 41.01(a) empowers a party to revive a previously dismissed action, and we are not persuaded by her argument that rule 5.04 may be circumvented in this way. When an action has been dismissed with prejudice under rule 5.04, a voluntary dismissal without prejudice under rule 41.01(a) is no longer available.

Accordingly, we affirm the district court's December 9, 2015 order confirming the earlier dismissal of appellant's initial action with prejudice for failure to timely file under Minn. R. Civ. P. 5.04.

## II. The district court improperly analyzed appellant's motion for relief under Minn. R. Civ. P. 60.02 by considering periods of time before July 1, 2014 in considering the *Finden* factors.

Appellant next argues that the district court erred when it denied her motion for relief from the dismissal of her initial action under rule 60.02.

 A party whose claim is deemed dismissed under rule 5.04 may seek relief from the dismissal by moving to vacate the dismissal under rule 60.02. *Gams*, 884 N.W.2d at 617-18. Rule 60.02 allows a court to relieve a party from a final judgment for "[m]istake, inadvertence, surprise, or excusable neglect." Minn. R. Civ. P. 60.02(a). When considering whether to grant relief under rule 60.02, a district court must assess whether each of four factors have been met; these are often referred to as the *Finden* factors. *Gams*, 884 N.W.2d at 619. First, the claim must be "debatably meritorious"; second, the movant must have had a "reasonable excuse" for failing or neglecting to timely act; third, the movant must have acted with "due diligence" after learning of the error; and finally, for relief to be granted, "no substantial prejudice" can result to the other party. *Id.* at 620. All four factors must be met before the district court may grant relief. *Id.* "The decision whether relief is warranted under Rule 60.02 is committed to the sound discretion of the district court and is based upon all the surrounding circumstances of each case"; an appellate court will reverse "only when there has been a clear abuse of discretion." *Cole v. Wutzke*, 884 N.W.2d 634, 637 (Minn. 2016).

The district court found that appellant established a reasonably meritorious claim and that she acted with due diligence after learning of the error that resulted in the rule 5.04 dismissal. But it also found that appellant failed to satisfy the substantial-prejudice and reasonable-excuse factors, and therefore denied relief under rule 60.02. Because neither party disputes the district court's findings on the meritorious-claim and due-diligence factors, we address only the two factors that the district court found lacking.

## A. Substantial Prejudice

Appellant argues that the district court erroneously assessed the prejudice factor. The district court found that appellant did not establish that vacating the judgment would not cause prejudice to respondent parents because "over nine years have passed since the date of this incident," and both parties "have likely forgotten at least some detail regarding the night in question."

A party seeking vacation of a dismissal must prove "no substantial prejudice will result to the other party." *Gams*, 884 N.W.2d at 620; *Cole*, 884 N.W.2d at 637; *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964). Substantial prejudice is neither to be "presumed nor inferred from the mere fact of delay;" rather, there must be "some particular prejudice of such a character that some substantial right or advantage will be lost or endangered if relief is granted." *Cole*, 884 N.W.2d at 639 (quotation omitted). When the non-moving party is able to "present the same evidence and call the same witnesses as he would have had the original judgment not been entered," no substantial prejudice has occurred. *Seiberlich v. Burlington N. R.R.*, 447 N.W.2d 896, 898 (Minn. App. 1989), *review denied* (Minn. Nov. 21, 1990).

The district court applied an incorrect standard in measuring the prejudice to the nonmoving parties under rule 60.02. The district court's order twice states that appellant must prove that "no prejudice will occur." The correct standard of "substantial prejudice" does not appear in the order. Moreover, the district court's reasoning concerning this factor reveals its reliance on the erroneous no-prejudice standard. It concluded that the parties "have likely forgotten at least some detail" about the incident. The district court's analysis does not address whether the amount or type of detail the parties "likely" forgot would substantially prejudice respondent parents if the dismissal were to be vacated.

Appellant also argues that the district court erred when it measured the prejudice for rule 60.02 purposes from the time of the incident rather than from the time the initial action was deemed dismissed. We again agree with appellant that prejudice must be measured for rule 60.02 purposes from the date of dismissal until the date appellant sought relief from the judgment.

In the past, we have applied this factor inconsistently. *Compare Lund v. Pan Am. Machines Sales*, 405 N.W.2d 550, 554 (Minn. App. 1987) (stating explicitly that "delays prior to the date of dismissal are irrelevant") *with Collins v. Cochrane & Bresnahan, P.A.*, 415 N.W.2d 715, 718 (Minn. App. 1987) (relying on the passage of time since the action arose). Today, we correct this inconsistency.

The *Finden* factors assess whether, under the specific circumstances presented, it is "just" to afford a party relief from a judgment. *Finden*, 268 Minn. at 270-71, 128 N.W.2d at 750. The prejudice factor requires the movant to demonstrate "that the delay resulting from his or her error or omission has not resulted in a real and particular harm to the other party, such as the loss of witnesses or evidence, and that the other party has not otherwise detrimentally relied on the resulting dismissal or judgment." *Cole*, 884 N.W.2d at 639. Courts must therefore assess the position of the parties at the time of the rule 60.02 motion relative to the parties' position *at the time the judgment was entered. Lund*, 405 N.W.2d at 554. Delay before the dismissal from which relief is sought is not "delay resulting from [a party's] error or omission." *Cole*, 884

N.W.2d at 639. In the rule 5.04 dismissal context, we hold that the appropriate point from which to measure prejudice for purposes of a rule 60.02 motion is the date on which the action is deemed dismissed. That date was July 1, 2014. Delay in filing *before* July 1, 2014, was permissible; delay before that date was not an error or omission.[1]

■ Respondent parents argue that this rule would render the prejudice prong useless because another *Finden*. factor—the diligence factor—already takes into account the length of time between the dismissal and the motion to vacate. We disagree. The diligence factor assesses whether the movant acts promptly after *learning of the need to act*, while the prejudice factor assesses whether the non-movant has suffered prejudice due to the delay, no matter how diligent the movant was in making the motion to vacate. *Cole*, 884 N.W.2d at 639.

Respondent parents also argue that the prejudice factor will be rendered meaningless because no substantial prejudice can arise within the short timeframe necessary to meet the diligence factor. *See, e.g., Lysholm v. Karlos*, 414 N.W.2d 773, 775-76 (Minn. App. 1987) (finding that filing a motion to vacate one month after discovering the dismissal was diligent). This argument is also unpersuasive. In even a very short time after the date of dismissal, a key witness could die or evidence could be lost or destroyed, either of which could constitute substantial prejudice. *See, e.g., Imperial Premium Fin., Inc. v. GK Cab Co.*, 603 N.W.2d 853, 859 (Minn. App. 2000)

(finding prejudice where an important witness died); *Riemer v. Zahn*, 420 N.W.2d 659, 662 (Minn. App. 1988) (finding no substantial prejudice where the outcome had not been substantially affected and witnesses were not unavailable).

Because the district court analyzed whether *any* prejudice, rather than substantial prejudice, would occur if the rule 5.04 dismissal were to be vacated, and because it measured that prejudice by looking at respondent parents' position relative to their position at the time the incident occurred rather than at the time of dismissal, we conclude that the district court abused its discretion in analyzing this factor. Because the district court made no findings of fact related to substantial prejudice suffered by respondents in the applicable time period, remand is necessary for further findings using the appropriate standard during the relevant time period.

## B. Reasonable Excuse

■ The district court also found that appellant had failed to establish that she had a reasonable excuse for her failure to file the complaint within the rule 5.04 time limit. It found that "[appellant's mother] allowed her counsel to idle on the matter for almost eight years, which attributes some degree of the negligence to [appellant] herself," and that appellant "has no reasonable excuse for her failure or neglect to file this matter for such a substantial length of time."

1. Although the rule changed effective July 1, 2013, there was no sanction for failing to file until one year after the rule's effective date. *Gams*, 884 N.W.2d at 614. The rule has no effect on the period of limitations, nor could it. The legislature establishes statutes of limitations, and parties are free to commence suit any time before expiration of the period of limitations. Service of the summons must be

made before expiration of the period of limitations. *Meeker v. IDS Prop. Cas. Ins. Co.*, 862 N.W.2d 43, 46-47 (Minn. 2015) (citing Minn. R. Civ. P. 3.01). The period of limitations is for the legislature to determine. *CTS Corp. v. Waldburger*, —— U.S. ——, 134 S.Ct. 2175, 2183, 189 L.Ed.2d 62 (2014). Respondents do not assert a statute-of-limitations defense.

■ Appellant argues that the delay was the fault of her attorney and therefore not attributable to her. We note initially that this factor asks the court to analyze the reasonableness of *the party's* actions, rather than those of counsel. While an attorney's neglect can be charged to the client through agency principles, Minnesota caselaw contains "a strong policy favoring the granting of relief when judgment is entered through no fault of the client." *Cole*, 884 N.W.2d at 638; *Soderling v. Hickok*, 409 N.W.2d 73, 75 (Minn. App. 1987), *review denied* (Minn. Sept. 23, 1987). Respondent parents argue that the district court based its conclusion on appellant's having failed to prosecute her case or inquire of her attorney about why it was not going forward. In some cases, it may be appropriate to impute some fault to the client for a lengthy period of time in which a case does not move forward at all. However, this seems to us not to be such a case. At the time the first suit was initiated, appellant was a minor. That first suit was brought by appellant's mother. The record does not tell us when appellant first had knowledge of the lawsuit. A more robust record is required if an attorney's lack of diligence in timely filing suit papers is to be charged to a minor.

But there is a more fundamental error in the district court's determination that appellant is accountable for eight years of inaction: for six of those years there was no filing requirement. The amended rule 5.04 allowed appellant until July 1, 2014, to file her complaint. Any delay in filing before July 1, 2014, is irrelevant to the question of whether appellant had a reasonable excuse for failing to file her complaint. She needs no excuse for not filing during periods when the rules either did not require filing or provided no penalty for failure to file. Accordingly, we remand to the district court for proper findings of fact related to the reasonableness of appellant's failure to

file her complaint before July 1, 2014. This inquiry requires factual findings concerning when and how appellant became aware of the first suit filed by her mother, and whether and when appellant was aware that the first lawsuit had not been timely filed with the court.

In sum, we reverse the district court's denial of rule 60.02 relief and remand for it to apply the proper legal analysis to the substantial-prejudice and reasonable-excuse factors. Because the district court's dismissal with prejudice of appellant's second lawsuit rested entirely upon res judicata principles after denial of rule 60.02 relief concerning the first suit, we also reverse and remand the judgment of dismissal in the second suit. On remand, the district court may then take such further action as appears appropriate concerning the second suit after it has complied with our remand instructions concerning the rule 60.02 motion for relief from dismissal of the first suit.

## DECISION

The district court correctly concluded that rule 41.01(a) does not permit dismissal without prejudice of a case that has been deemed dismissed with prejudice under rule 5.04 for failure to timely file a complaint. We therefore affirm the district court's dismissal of the initial action.

■ However, the district court abused its discretion by improperly applying the *Finden* factors when it denied appellant's motion for relief under rule 60.02. The substantial-prejudice *Finden* factor properly considers the time from the date of dismissal until the date on which rule 60.02 relief is sought. The reasonable-excuse *Finden* factor properly considers the moving party's reasonableness upon learning of the need to act, and an attorney's lack of diligence is generally not chargeable to the

client, particularly when the client is a minor. We therefore reverse the district court's denial of appellant's motion for rule 60.02 relief in her initial action, and remand to the district court for appropriate findings. Finally, we reverse and remand the res-judicata dismissal of the second lawsuit, the final disposition of which depends on resolution of the rule 60.02 motion on remand.

**Affirmed in part, reversed in part, and remanded.**