*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0978**

Jenna Marie Benzinger,
Respondent,

vs.

Roger Tabet,
Appellant.

**Filed January 12, 2026
Affirmed
Slieter, Judge**

Ramsey County District Court
File No. 62-HR-CV-24-1547

Christina Zauhar, Halberg Criminal Defense, Bloomington, Minnesota (for respondent)

Roger Tabet, White Bear Lake, Minnesota (*pro se* appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Slieter, Judge; and Harris, Judge.

**NONPRECEDENTIAL OPINION**

**SLIETER**, Judge

In this appeal from an order denying a motion to reopen a harassment-restraining-order (HRO) proceeding pursuant to Minnesota Rule of Civil Procedure 60.02, appellant argues that the district court abused its discretion by denying his motion. Because the district court acted within its discretion by denying his motion to reopen, we affirm.

**FACTS**

Appellant Roger Tabet and respondent Jenna Marie Benzinger were previously married and have three children. Benzinger had an HRO against Tabet from October 31, 2022, to October 31, 2024. On November 25, 2024, Benzinger filed a petition for another HRO.

The district court denied Benzinger's request for an *ex parte* HRO and set the matter for a hearing on December 20, 2024. The district court rescheduled the hearing to February 21, 2025, and again rescheduled the hearing to February 3, 2025. Tabet acknowledges receiving notices of these scheduling changes.

Tabet failed to appear at the HRO hearing on February 3. The district court granted the HRO in Tabet's absence. Tabet, acting *pro se*, filed a motion requesting to "be heard on this case so that the HRO gets dismissed," contending that he "received the hearing notice for 2/21 after [he] was served the hearing notice for 2/3." The district court interpreted the motion as a motion to reopen under Minnesota Rule of Civil Procedure 60.02 and held a hearing on that motion. Following the hearing, the district court filed an order denying Tabet's motion, explaining that he failed to provide a reasonable excuse for not appearing because he was personally served with the hearing notice.

Tabet appeals.

**DECISION**

Tabet appears to argue that the district court misapplied the law by denying his motion for relief under Minnesota Rule of Civil Procedure 60.02. We are unpersuaded.

2

Under rule 60.02(a), a district court "may relieve a party" from a final judgment, order, or proceeding because of "[m]istake, inadvertence, surprise, or excusable neglect." Relief under rule 60.02(a) is appropriate when the movant "(a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) (shows) that no substantial prejudice will result to the other party." *Finden v. Klaas*, 128 N.W.2d 748, 750 (Minn. 1964) (the *Finden* factors).

We review a decision on a rule 60.02 motion for an abuse of discretion. *In re Civ. Commitment of Moen*, 837 N.W.2d 40, 44-45 (Minn. App. 2013), *rev. denied* (Minn. Oct. 15, 2013). "A district court abuses its discretion by making findings of fact that are unsupported by the evidence, misapplying the law, or delivering a decision that is against logic and the facts on record." *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022) (quotation omitted).

Tabet argues that the district court misapplied the law by treating the reasonable-excuse factor as dispositive. We disagree because, to receive relief under rule 60.02(a), the moving party must satisfy each of the four *Finden* factors. *Gams v. Houghton*, 884 N.W.2d 611, 619-20 (Minn. 2016).

Because Tabet must satisfy each of the four *Finden* factors to be entitled to relief, *id.*, we next address whether the district court acted within its discretion by determining that Tabet failed to satisfy the reasonable-excuse factor. Tabet argues that he satisfied this factor because, as he explained to the district court, he received notice of the first continuance, setting the hearing for February 21, after receiving notice of the second

3

continuance, setting the hearing for February 3. He therefore contends that he reasonably believed that the hearing would occur on February 21.

Under the reasonable-excuse factor, "mistakes of law, as well as mistakes of fact, may afford grounds for relief." *Cole v. Wutzke*, 884 N.W.2d 634, 638 (Minn. 2016) (quotation omitted). However, "not all mistakes, whether of fact or of law, and whether committed by a party to an action or by his attorney, are . . . subject to relief"; rather, "the right to vacatur is not absolute" and "is a matter largely within the discretion of the [district] court." *Id.* (quotations omitted). This decision is "fact intensive." *Id.* at 639.

In explaining that Tabet failed to satisfy the reasonable-excuse factor, the district court stated that Tabet received notices of all continuances, adding that "[t]he final hearing notice, dated December 11, 2024, clearly stated the consequences of failing to appear."

The record supports the district court's reasoning. Tabet acknowledges that he received notice of both rescheduled dates. Irrespective of the order in which he received these notices, we note that each notice clearly specifies the order in which they were issued based upon the dates shown on the notices. Because Tabet does not dispute that he received notice of the rescheduled dates, he fails to persuade us that the district court abused its discretion in determining that he had no reasonable excuse for failing to appear at the HRO hearing.[1] Therefore, because Tabet must satisfy all four *Finden* factors to obtain the relief

---

[1] Tabet further contends, as additional support of the reasonable-excuse factor, that he was on jury duty during the week of the February 3 hearing and therefore could not attend. He additionally argues that the proceedings violated his due-process rights because the district court first denied Benzinger's HRO petition *ex parte* but later granted the HRO by default. "A reviewing court must generally consider only those issues that the record shows were presented and considered by the [district] court in deciding the matter before it." *Thiele v.*

4

he seeks, and the record supports the district court's determination that Tabet failed to satisfy the reasonable-excuse factor, we conclude that it acted within its discretion by denying his motion to reopen.

**Affirmed.**

---

*Stich*, 425 N.W.2d 580, 582-83 (Minn. 1988) (quotation omitted). Because the record, especially given the absence of a transcript, provides no indication that Tabet presented these arguments to the district court at the motion hearing, we decline to consider them on appeal. *See id.*