*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0531**

In the Matter of:

Amy Alyssa Arnemann, on Behalf of Minor Children, petitioner,
Respondent,

vs.

Samuel Morton Post III,
Appellant.

**Filed February 9, 2026**
**Affirmed**
**Bentley, Judge**

Hubbard County District Court
File No. 29-FA-24-1257

Amy Alyssa Arnemann, Nevis, Minnesota (self-represented respondent)

Samuel Morton Post III, Park Rapids, Minnesota (self-represented appellant)

Considered and decided by Schmidt, Presiding Judge; Bratvold, Judge; and Bentley, Judge.

**NONPRECEDENTIAL OPINION**

**BENTLEY**, Judge

Appellant challenges the district court's denial of his motion under Minnesota Rule of Civil Procedure 60.02(a) to set aside and reconsider an order for protection (OFP). The district court granted the OFP after appellant failed to appear at a hearing and denied the rule 60.02 motion because appellant's absence was not excusable neglect. We affirm.

## FACTS

In December 2024, respondent Amy Alyssa Arnemann filed a petition for an OFP against her former spouse, appellant Samuel Morton Post, on behalf of their three minor children. As recounted in her petition, Arnemann and Post dissolved their marriage in 2018. Post does not have physical or legal custody of their children, and under the current custody agreement, the only contact he has with the children occurs in scheduled and supervised video calls. Arnemann filed the petition for an OFP after the most recent of several alleged instances in which Post assisted their child I.P.—who was experiencing significant mental-health challenges—with running away from Arnemann's home. In the petition, she stated that she feared for I.P.'s safety in Post's home, and she was concerned that Post would also attempt to remove their other children from Arnemann's home because he had threatened to do so in the past. Arnemann requested an ex parte OFP prohibiting Post from contacting their children except during scheduled remote visits. In the event that the district court declined to enter an ex parte order, Arnemann requested a hearing.

The district court denied Arnemann's petition for an ex parte OFP. In its order, the district court determined that the petition "fail[ed] to allege an immediate and present danger of domestic abuse" and "fail[ed] to allege the existence of domestic abuse, a qualifying relationship, or lack[ed] specific facts, details, dates and circumstances." The district court further ordered that a hearing "shall be scheduled" per Arnemann's request. That same day, the district court filed a notice of remote hearing, setting the matter for January 9, 2025.

2

As stated in a certificate of service, signed by a Hubbard County Sheriff's Office deputy, Post was then personally served the following documents: (1) the order denying the petition for an ex parte OFP; (2) Arnemann's OFP petition; (3) the notice of the remote hearing; and (4) the notice that the court filed an order in this matter.

The district court held a hearing on the OFP as scheduled. Arnemann appeared at the hearing, but Post did not. The court asked Arnemann if she still wanted to proceed with the OFP application, and she affirmed that she did. The court then stated: "[T]here was proper notice, [Post] was personally served by the Hubbard County Sheriff's Department on the 27th of December. No appearance by defendant. Ex parte was granted. We are going to grant your request by what's called 'default' and we will get an order out."[1] The hearing concluded without any further evidence or testimony.

The district court filed an order granting the OFP on behalf of I.P. under Minnesota Statutes section 518B.01, subdivision 6 (2024), for a six-month duration. The district court did not include Arnemann and Post's other children as protected individuals in the OFP. The only stated finding in the order was: "Respondent caused fear of harm in the minor child by his actions."

Just under two weeks later, Post moved for the OFP to be set aside and reconsidered for mistake or excusable neglect under Minnesota Rule of Civil Procedure 60.02(a). In the motion, Post's counsel stated that "Post did not receive notice of this hearing at which the order for protection was issued," that the "*ex parte* order for protection did not include a

---

[1] The district court's statement that "[e]x parte was granted" appears to have been made in error, as the district court had denied Arnemann's petition for an ex parte OFP.

hearing date," and that, upon being served the order granting the OFP, Post "promptly attempted to reach out to a lawyer." Further, he argued that Post "has a right, under the statute, to a hearing to receive due process."

In an affidavit attached to the motion, Post stated that he was served with Arnemann's petition and the district court's order denying the ex parte OFP, which said that a "hearing shall be scheduled." Post stated that "[a]t no point did [he] receive a notice of hearing in this case." He further asserted that he had "many" cases "in family court over the years" but that he has "never, as far as [he] can remember, missed a hearing, or skipped a hearing."

The district court denied Post's rule 60.02 motion. In its order and memorandum, the court applied the factors set forth in *Finden v. Klaas*, 128 N.W.2d 748, 750 (Minn. 1964), discussed in detail below, and concluded that Post failed to establish a reasonable excuse for his failure or neglect to act. The district court found that Post's "allegation that he was not served the documents the Hubbard County Sheriff's personnel certified by sworn statement were served upon him is not credible"; that Post was on notice that a hearing date would be set and he "acknowledged he knew a hearing was going to be set"; and that Post "is an experienced *pro se* litigant" who was "more than capable of contacting court administration to get his hearing date." Following the credibility finding, the court added in a footnote that "Post has been convicted of Gross Misdemeanor False Information to a Police Officer . . . and Felony Perjury." And, after making its finding that Post is an experienced litigant, the court stated, in another footnote, "Post has been the Respondent

4

in two OFP cases brought by an adult daughter" as well as "five OFP cases brought by his now ex-wife," and that he was the "Petitioner in three Harassment cases."

Post appeals the denial of his rule 60.02 motion.[2]

## DECISION

Post asks us to reverse the district court's order denying his motion to set aside the OFP under rule 60.02. First, he argues that he established excusable neglect in failing to appear because he did not receive notice of the date or time of the OFP hearing. Second, he maintains that his due process rights were violated because the district court's rule 60.02 decision relied on "decayed charges expunged from [his] record" and incorrectly asserted that Post was a respondent in two OFP cases brought by one of his daughters. We address each issue in turn.

## I

Post sought relief under Minnesota Rule of Civil Procedure 60.02(a) because of excusable neglect. As relevant here, rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from a final judgment . . . , order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect[.]

---

[2] Post does not appeal the OFP on the merits. Rather, we understand Post to be arguing that this court should reverse the denial of his rule 60.02 motion, vacate the OFP, and allow him an opportunity to respond to the petition for an OFP.

Applying the *Finden* factors, a district court may grant a rule 60.02 motion based on excusable neglect if the movant demonstrates "(1) a debatably meritorious claim; (2) a reasonable excuse for the movant's failure or neglect to act; (3) the movant acted with due diligence after learning of the error or omission; and (4) no substantial prejudice will result to the other party if relief is granted." *Gams v. Houghton*, 884 N.W.2d 611, 619-20 (Minn. 2016) (quotations omitted). The movant is not entitled to relief unless they satisfy all four *Finden* factors based on an evaluation of "all the surrounding circumstances of [the] case." *Cole v. Wutzke*, 884 N.W.2d 634, 637 (Minn. 2016). As an appellate court, we review the district court's decision denying a rule 60.02 motion for an abuse of discretion. *Gams*, 884 N.W.2d at 620. A district court abuses its discretion on a rule 60.02 motion if it acts "under a misapprehension of the law" or "when its factual findings are clearly erroneous." *Id.* (quotations omitted). "Findings of fact are clearly erroneous only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999) (quotation omitted).

The district court determined under the second *Finden* factor that Post failed to demonstrate a reasonable excuse for his failure to appear. The district court found Post's denial of receipt of the hearing notice to be not credible and also determined that, even if Post had not received notice of the hearing, he should have known to take steps to determine when the hearing would take place. On appeal, Post challenges only the district court's credibility determination. We are not convinced that the district court clearly erred.

The record includes a certificate of service, signed by a deputy sheriff, stating that the deputy personally served Post a notice of the remote hearing, along with three other

documents. Post acknowledged in his affidavit that he received and reviewed two of the other documents, but he asserted that he did not receive the notice of hearing. The district court determined that Post's assertion in the affidavit was not credible. We defer to the district court's credibility determinations, *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988), and based on this record, we are not left with a "definite and firm conviction that a mistake has been made," *Fletcher*, 589 N.W.2d at 101.

Moreover, we do not discern an abuse of discretion in the district court's determination that Post should have known to inquire about the hearing date. Post acknowledged in his affidavit that he received the order denying the ex parte OFP, which stated that a hearing "shall be scheduled." He does not dispute the district court's determination that he should have known to contact the court administration to learn of the hearing date.

For these reasons, we conclude that the district court did not abuse its discretion in denying Post's motion under rule 60.02.

## II

Post also asserts that his due-process rights were violated because the district court referenced two prior convictions of his in a footnote following its credibility determination and included in a second footnote that Post had been a party to prior OFP and harassment proceedings.

As an initial point, Post does not include any legal authority or argument in his brief to support his due-process argument. We recognize that Post is representing himself on appeal and we afford him some leeway in that effort; but even so, self-represented litigants

7

"are generally held to the same standards as attorneys." *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001). We ordinarily do not consider arguments that are not developed by legal authority "unless prejudicial error is obvious on mere inspection." *State v. Mod. Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (quoting *Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971)).

It is not obvious on inspection that the district court committed prejudicial error. Even if Post could establish that the district court violated due process when it referenced extra-record information in footnotes in its order,[3] we will not reverse the district court if the error was harmless. *See* Minn. R. Civ. P. 61; *Reid v. Strodtman*, 631 N.W.2d 414, 419-20 (Minn. App. 2001) (applying harmless error in the context of a rule 60.02 analysis). An error is harmless if it "does not affect the substantial rights of the parties." Minn. R. Civ. P. 61; *see also Katz v. Katz*, 408 N.W.2d 835, 839 (Minn. 1987) ("[W]e will not reverse a correct decision simply because it is based on incorrect reasons.").

Here, it is not obvious that the district court's footnoted references to extra-record material prejudiced Post's substantial rights. The text of the order explained that the credibility finding was based primarily on record evidence that a deputy sheriff personally served Post with the notice. The certificate of service offers strong support for the district court's finding, especially because Post acknowledged that he received and read other documents identified in the certificate of service and denied only receipt of the notice of

---

[3] *Cf.* Minn. Code Jud. Conduct Rule 2.9(C) ("A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed.").

hearing. Even if the district court's footnote about Post's prior convictions tangentially related to its adverse credibility finding, the district court's explanation in the text indicates that it would have reached the same result regardless of Post's criminal history. Given that the district court has particularly broad discretion when evaluating conflicting evidence on a rule 60.02 motion, *see Gams*, 884 N.W.2d at 620, we conclude on this record that the court's reference to extra-record material in making its credibility determination was not prejudicial.

The district court referenced the prior OFP and harassment proceedings after finding that Post was an experienced litigant who should have known to contact court administration about a hearing date. Again here, setting aside the reference to extra-record material, the record supports the district court's finding and suggests that the district court would have reached the same result. Post conceded in his affidavit in support of his rule 60.02 motion that he has "had many [c]ourt cases . . . over the years." And even though Post takes issue with the district court's reference to those proceedings, he does not dispute the district court's determination that he should have known to contact the court administrator to learn of the hearing date.

In sum, it is not obvious on mere inspection that Post's due-process rights were violated or that his substantial rights were affected by the district court's reference to extra-record material. Therefore, he is not entitled to relief.

**Affirmed.**

9